DENNIS BUCKLEY, JR., by Guardian, etc., Respondent, *v.* THE GUTTA PERCHA AND RUBBER MANUFACTURING COMPANY, Appellant.

The simple fact that a machine is dangerous does not make an employer liable for an injury received by a minor employed in operating it.

Where the minor is familiar with the machine, and its character and operation are obvious, and he is aware of and fully appreciates the danger to be apprehended from working it, he takes upon himself the risks incident to the employment the same as a person of mature age.

Plaintiff, a boy about twelve years of age, was employed in helping to operate a machine in defendant's factory. He had been in such employ about three days when, in attempting to put a cylinder in place, his foot slipped, he threw out his hand to save himself from falling and thrust it into the cogs of some revolving wheels about nine inches from the end of the cylinder, and the hand was crushed. *Held,* that an action to recover damages for the injury was not maintainable; that as the danger was apparent, and as the injury was occasioned solely by the accidental slipping, the fact that plaintiff had not been warned as to such danger was immaterial.

*Buckley* v. *G. P. & R. Mfg. Co.* (41 Hun, 450) reversed.

(Argued April 24, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 23, 1886, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages for injuries received by plaintiff through the alleged negligence of defendant.

The facts are sufficiently stated in the opinion.

*Jesse Johnson* for appellant. This being an inevitable accident, defendant was not liable. (*Hickey* v. *Taaffe,* 105 N. Y. 26; *Kelly* v. *S. B. R. R. Co.,* 109 id. 44.) The directions which O'Rorke gave the boy as to putting the shell in were

the act of a fellow-workman, for which the defendant was not responsible. (*Weber* v. *Piper*, 109 N. Y. 496; *Salisbury* v. *Howe*, 87 id. 128, 132; *Storrs* v. *Flint*, 46 Super. Ct. 498.) The verdict cannot stand on the ground that the defendant failed to give plaintiff proper instructions. (*Hickey* v. *Taaffe*, 105 N. Y. 38; *Scott* v. *Sheppard*, 2 Smith's L. C. [8th ed.] 800; *Carter* v. *Towne*, 103 Mass. 507; Whart. on Neg. note 137, § 143; *Thomas* v. *Winchester*, Bigelow's L. C. 609; *Davidson* v. *Nichols*, 11 Allen, 514; *Ryan* v. *N. Y. C. R. R. Co.*, 35 N. Y. 210; *Kerrigan* v. *Hart*, 40 Hun, 390; *Jaffe* v. *Harteau*, 56 N. Y. 398.) The boy was not free from contributory negligence. (*Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 N. Y. 420.)

*James Troy* for respondent. In the case of a child of tender years where the circumstances would justify an inference that he was misled or confused in respect to the actual situation, and that his conduct was not unreasonable, in view of those circumstances and his age, the question of contributory negligence is for the jury, although he may have omitted some precaution, which, in the case of an adult, would be deemed conclusive evidence of negligence. (*Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 289.)

Earl, J. At the time the plaintiff was injured he was about twelve years old. In July 1882, he applied to the defendant for employment, and its foreman took him to O'Rorke, who had charge of one of its machines, and told the boy to do whatever O'Rorke directed him. The business of the defendant was to coat cloth with rubber, and for that purpose it had a number of machines, in a large room, operated by steam. The machines were simple, and whatever danger there was in their operation was obvious. It is difficult to describe them without a photograph or model, and we will not attempt to do it.

The plaintiff was put at work on Saturday about noon and worked that day and Monday and Tuesday until eleven o'clock, when he was injured. During that time he had seen the

machine operated and had worked about it and became as familiar with it as a boy of that age could. It became necessary from time to time to remove from the front of the machine a wooden cylinder, through which a square iron rod ran, and carry it to the back of the machine, and take a similar cylinder from that place and put it in front of the machine in place of the one removed. He had seen this cylinder in front of the machine removed several times and had himself assisted in removing it several times, so that he understood perfectly the process. When that cylinder was wound full of the rubber cloth, it was usually removed by O'Rorke and a young man by the name of Brevort, each taking one end and carrying it around to the rear, behind the machine, and then an empty cylinder was taken from the rear to the front and there it was put in position; and this had been done several times by the plaintiff and Brevort, each taking one end. On this occasion, after O'Rorke and Brevort had taken the cylinder from the front to the rear, O'Rorke rolled an empty cylinder under the machine to the front where the plaintiff was standing, and, as the plaintiff testified, told him to put it in place. It weighed about one hundred pounds. He succeeded in putting it in place and drew a band over the end to hold it in the slot into which the end had been dropped, and was endeavoring to turn a screw into the band for the purpose of keeping it in position, and he turned the screw in the wrong direction and it came out and rolled upon the floor. He picked it up and came back with it and put the end of the screw in and started it, and then his foot slipped and he threw out his hand to save himself from falling and thrust it into the cogs of some wheels about nine inches from the end of the cylinder, and his hand was crushed.

O'Rorke testified that he did not instruct the plaintiff to pick up the cylinder and put it in. On previous occasions the plaintiff and Brevort, acting together, had put in the cylinder, he taking one end and Brevort the other. The plaintiff had not been instructed with reference to the machinery and had not been cautioned regarding any danger.

At the close of the evidence the court ruled that O'Rorke was a fellow-servant of the plaintiff, and also charged the jury that no act of negligence on the part of O'Rorke could be imputed to the defendant, because he was the plaintiff's fellow-workman. This case must, therefore, be treated on this appeal as if O'Rorke had not told the plaintiff to take up the cylinder and put it into its place, and as if the plaintiff had voluntarily, without any instruction, picked it up, put it in its place and attempted to fasten it so as to keep it there.

It is impossible to perceive, from the evidence, what the defendant could have done to avoid the accident. The machine was not imminently dangerous. The hands of the plaintiff, in anything which he had to do or was doing about the machine, would not come within nine inches of the cogs where he was injured. It was not needful to instruct him that the cogs were dangerous, because that was obvious. He could see as well as anybody that if his fingers got into the cogs they would be crushed into pieces. He was not injured because he did not know that the cogs were dangerous, but the injury happened because he slipped and fell and instinctively threw out his hand to recover himself. His falling was a mere accident, and no amount of instruction or caution from the agents of the defendant would have prevented the accident and saved him from the injury. His injury did not come from any ignorance of the machines or of the danger to which he was exposed, but it came solely from the accident.

The judge charged the jury that in order to find a verdict for the plaintiff, they "must find that the employer was guilty of breach of duty towards this young man; in other words, that he failed to do what a prudent man would have done under the circumstances in the management of this business. * * * Of course, if a full grown man had been employed at this work he would know that if he placed his fingers between the revolving cogs he would be very apt to be injured, and you are to say whether this boy would know as much as a man on that subject." It is idle to say that this plaintiff did not know as well as a grown man that if he placed his fingers between the revolving

cogs he would be injured. The judge further charged: "If you shall say, under this proof, that it was not a dangerous machine to put such a boy at work upon, that ends the case, because that is the foundation of the plaintiff's case, that he was put to work at a dangerous machine without being properly instructed as to the liability or risk which he ran of injury." It is impossible to perceive how the absence of instructions had anything to do with this injury. He had been sufficiently instructed by what he saw during the time he had been employed there. He had seen the machine operated and had worked about it. He had seen this cylinder removed by others, and had himself assisted in removing it. What further knowledge could have been given him by instructions it is impossible to discern. The judge further said: "You observe that at one end of that machine the parts are stationary, and the danger, if any, is at the other end where the larger wheel and revolving cogs are situated, and, of course, that is the place of danger, if any; and if it is dangerous at that point, my opinion is that the danger is apparent, and that there is no hidden danger or defect in it. That is my view, but, of course, you are not to be governed by my view of the facts." The view the learned judge took of the facts should have induced him to nonsuit the plaintiff. The danger was apparent. The plaintiff had nothing to do with the cog wheels. He had no occasion to touch or handle them, and, but for the accident of his slipping, his hand would not have touched them.

The judge further charged: "Now, was there anything that this boy needed instruction about in connection with that machine? If you shall say, considering his age, capacity and experience, that it was necessary for his employer to warn him not to put his fingers in between the cogs, and that if he did so he would be injured, and if the employer failed to do that, that it would be a specific act of negligence for which he would be liable." We think it is preposterous to say that it was the duty of the employer to warn him not to put his fingers in between the cogs. It might as well be required to warn a boy twelve years old, who was working about boiling water or a hot fire,

not to put his hand into the water or the fire. The judge further charged the jury, "If you come to the conclusion, from this testimony, that this was an ordinary safe machine, and that a person putting a boy at work upon it omitted no precaution which a prudent man would have taken under the circumstances, then there would have been no breach of duty on the part of the defendant, and that ends the case for the plaintiff. If you find that this was a dangerous machine, and that a prudent man would have told this boy to keep his hands from these revolving wheels, then that would be an act of negligence for which the employe could be held responsible." Here again the case is made to turn upon the necessity of instructions to this boy to keep his hands from the revolving wheels, in the face of the fact that he did not thrust his hand voluntarily into the revolving wheels, but that his hand went into them in consequence of sheer accident.

He further charged the jury as follows : "The whole case in every view turns upon the question, whether or not a jury of twelve men shall determine, as a matter of fact, from this evidence, that this was a dangerous machine, and whether it was negligence to set such a boy to work on it. If you so find, the defendant is liable, otherwise the defendant is entitled to a general verdict." There is no rule of law that a minor may not be employed about a dangerous machine, and the simple fact that a machine is dangerous does not make an employer liable for an injury received by a minor employed upon such machine. All the law requires is that the minor should be properly instructed as to the danger to which he is exposed, and if he is injured because he has not received such instruction, then, as a general rule, the employer may be held responsible. But where the minor is familiar with the machine, and its character and operation are obvious, and he is aware of and fully appreciates the danger to be apprehended from working the machine, the fact that he is a minor does not alter the general rule that the employe takes upon himself the risks which are patent and incident to the employment.

(*Hickey* v. *Taaffe*, 105 N. Y. 26.) In that case Judge PECKHAM said : " She had not, it is true, received any instructions as to its dangers from the defendant or his agents, as she says, but she had acquired the information, in fact, from the best of all teachers, that of practical experience. She knew, therefore, all that the instructions of the defendant would have imparted to her. This was enough. Being of an age to appreciate, and having full knowledge of the danger, and at the same time being competent to perform the duty demanded from her, the fact that she was a minor does not alter the general rule of law upon the subject of employes taking upon themselves the risks which are patent and incident to the employ_ ment." In that case the plaintiff was a young girl about fourteen years old. Here the plaintiff knew all about this machine and its operation and danger that any instructions could have given him, and we repeat that no instructions, however minute, would have avoided the accident which occurred.

After the general charge of the judge to the jury, the coun- sel for the defendant said this to him : " I understand your honor to tell the jury, and you did tell the jury, and I ask to have it repeated, that if it happened from a slip and was an inevitable accident, that there can be no recovery any way, whether it was a dangerous employment or not." And the judge replied, " I think I have charged that substantially ; I can- not repeat it." That charge required a verdict for the defend- ant. The evidence is undisputed, all coming from the plaintiff himself, that the accident did happen from a slip, and was, therefore, in that sense, inevitable.

We are, therefore, of opinion, as this case now appears in the record, the trial judge having held as the law of the case, that the defendant was not responsible for any carelessness on the part of O'Rorke, that the plaintiff should have been nonsuited.

The judgment should, therefore, be reversed and a new trial granted, costs to abide event.

FINCH, PECKHAM and GRAY, JJ., concur ; DANFORTH, J., con- curs on the sole ground stated in the last exception to the judge's

charge, viz., if this was the result of an accident, the plaintiff could not recover; to the rest of the opinion he dissents.

ANDREWS, J., does not vote; RUGER, Ch. J., absent.

Judgment reversed.