### DINGLY *v.* STAR KNITTING-MILL Co.

*(Supreme Court, General Term, Third Department.* December 12, 1890.)

INJURY TO MINOR EMPLOYE.

    In an action for injuries received by a boy, 15 years of age, while operating defendant's machine, there was no direct proof that the machine was out of order, and it appeared that the machine had been operated by the boy about three months prior to the accident, and was of the kind ordinarily in use in other similar manufactories. *Held,* that a nonsuit was properly ordered.

Appeal from circuit court, Albany county.

Action by Benjamin F. Dingly against the Star Knitting-Mill Company. Plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*J. F. Crawford,* for appellant. *E. W. Douglas, (E. Countryman,* of counsel,) for respondent.

MAYHAM, J. This is an appeal from a judgment entered upon a nonsuit of the plaintiff at the Albany circuit. The action was brought by the plaintiff for an injury to his infant son alleged to have been caused by the negligence of the defendant. The defendant, at the time of the alleged injury, operated a knitting-mill in which the plaintiff's son, aged 15 years, was employed. As a part of his duty in such employment, he was required to clear out the waste which accumulated under a machine, to do which he was required by the defendant to reach under the machine with his hands. The machine sat upon the floor of the mill, was composed largely of iron, weighed about 2,000 pounds, and was kept in position by gravity, not being in any way fastened to the floor, except by its own weight. The machinery was propelled by means of a belt which passed over a revolving drum upon shafting in the upper part of the mill, which was applied to the machine for propulsion of the same by a pulley firmly attached to a shaft in the machine, on which was a cylinder adjusted for carding wool or cotton fabric. On the same shaft, and along-side of the pulley so attached to the shafting, was another pulley which was not fastened to the shaft, but which revolved freely around the same. For the purpose of stopping the machine, this belting was removed by the hand from the pulley attached to the shaft to the revolving pulley, so that, when the band was removed from the fixed to the revolving pulley, the band would continue its revolutions upon the revolving pulley, but the machine would stop running. This machine was constructed and propelled in the ordinary way for the construction and propulsion of such machines. The proof shows that the plaintiff's son had been accustomed to operate such machines in other mills, and had, at the time of the injury complained of, operated this machine for about three months. On

the 1st of October, 1884, while he was operating the machine, he removed the belt with his hand from the tight to the loose pulley on the shaft, and commenced with his hands to remove the waste from the machinery, as was his custom, and as he was required to do, and while in that position the machine started, and in the revolutions of the cylinder his hand was caught and seriously injured.

There is no direct proof that the machinery was out of order, or that the machine was not of the kind ordinarily in use in that kind of manufacturing. On the contrary, the evidence disclosed that this machine was in every respect precisely like all other "second breakers" in use, and like those used by the plaintiff's son in other mills in reference to the fixed and loose pulleys, and the other methods of sliding the belt from one to the other. There was proof that on two or three previous occasions this belt had shifted from the loose to the fixed pulley after it had been changed to the loose pulley to stop the machine, and that that fact was communicated to the defendant's foreman. The argument of the appellant is that the jarring of the mill must have moved the machine so as to have thrown the shafting of the machine out of line with the main shafting, and thus caused the belt to slide back upon the fixed pulley, thereby putting the machine in motion after the belt had been removed; but there is no testimony in the case directly supporting this theory, but the testimony of the defendant's witnesses is that the machine was not out of place, but was precisely where it was for months before and after the accident, and respondent argues that the boy in removing the belt from the fixed to the loose pulley did not hold it there long enough to adjust it in line on the drum on the main shafting with the loose pulley on the machine shaft. Upon these facts, the learned justice, at the conclusion of the evidence, nonsuited the plaintiff.

The plaintiff in this action, before he can recover, as in all cases of negligence, is required to establish that the employe was guilty of some negligent act or omission which caused or produced the injury, and also that the party injured was guilty of no negligence on his part, which contributed to the injury. The rule is concisely stated in *Cahill* v. *Hilton,* 106 N. Y. 512, 13 N. E. Rep. 339, as follows: "To authorize a recovery in an action by a servant against his master for injuries received by the former in the course of his employment, the evidence must establish personal fault on the part of the master, or what is equivalent thereto; and he is entitled to the benefit of the presumption that he has performed his duty until the contrary is shown; so also the plaintiff is required to show affirmatively his own freedom from negligence; and while this is usually a question of fact, and the absence of contributory negligence is often to be inferred from the nature of the accident, and the circumstances of the case, that conclusion cannot legally be reached unless such circumstances are proved as legitimately and reasonably lead to that result; and, if the facts proved do not fairly tend to support a presumption of freedom from neglect, the question becomes one of law for the court." While the evidence in this case may not charge the plaintiff's son with contributory negligence, it clearly fails to establish negligence on the part of the defendant in furnishing this machine for the use of the employe. It was the kind of machine ordinarily used in this business. It had operated well for a long time before this accident, and without any alteration or readjustment continued to operate well for a long period thereafter, and there was no evidence from which the jury could properly have found that it was an unsafe or improper machine for the defendant to furnish for the use of its employes. While a master is required to furnish reasonably safe machinery, tools, and implements for his employes, he is not required to furnish such as at all times are absolutely safe, and is not responsible if, without the fault of the master, the machinery or tools may produce injury to the employe. A master is not bound to furnish the best of known or conceivable appliances. He is

required to furnish such as are reasonably safe, and to see that there is no defect in those which his employes must use. The test is not whether the master omitted to do something he should have done, but whether, in selecting tools and machinery for their use, he was reasonably prudent and careful; not whether better machinery might not have been obtained, but whether that provided was in fact adequate and proper for the use to which it was to be applied. These rules are not violated when such machinery becomes unsafe, only when negligently or carelessly used. *Stringham* v. *Hilton*, 111 N. Y. 195, 196, 18 N. E. Rep. 870; *Burke* v. *Witherbee*, 98 N. Y. 565; *Hickey* v. *Taaffe*, 105 N. Y. 26, 12 N. E. Rep. 286.

If a machine or appliance which is not absolutely dangerous had been in daily use for a long time, and had proved adequate, safe, and convenient, its use may be continued without the imputation of negligence to the employer. *Stringham* v. *Hilton, supra; Kaye* v. *Hosiery Co.*, 4 N. Y. Supp. 571. Applying this rule to the machinery in question, it could not be said that the defendant was negligent in its use in this case. If, therefore, the evidence was insufficient in law to charge the defendant with furnishing unsafe and inadequate machinery, and such machinery, when tested by the rules governing such cases, was sufficient, then the defendant has discharged all the duty he owed to his employe, and could not be legally held liable to the plaintiff in this action. This case differs from the case of *McCarragher* v. *Rogers*, 120 N. Y. 529, 24 N. E. Rep. 812, cited by the plaintiff. In that case the court held that the appliance was dangerous in itself, and was not properly guarded by railing or netting, and that defect caused the injury. In this case there is no such fact, and none can be deduced from the evidence, but, on the contrary, the machine in use was the best known to the business. Nor do we think that the fact that the employe injured was a boy 15 years of age changed the rule in this case. In *Buckley* v. *Manufacturing Co.*, 113 N. Y. 540, 21 N. E. Rep. 717, it was held that when the minor is familiar with the machine, and its character and operation are obvious, and he is aware of, and he appreciates, the danger to be apprehended from working the machine, the fact that he is a minor does not alter the general rule, and he takes upon himself the risk incident to the employment. On the whole we see no evidence in the case which, if fully believed by the jury, would, in law, charge the defendant with negligence in furnishing this machine to be used by the plaintiff's son, and upon which a verdict could be legally predicated. The court was right in nonsuiting the plaintiff, and the judgment should be affirmed. Judgment affirmed, with costs. All concur.