## DUDLEY v. WESTCOTT.

(Common Pleas of New York City and County, General Term. March 7, 1892.)

1. NEGLIGENCE—EVIDENCE.

A child 3½ years old attempted to cross in front of an approaching street-car, and, in doing so, ran between the front and hind wheels of an express wagon, which was coming up behind the car, and was injured. Held, that the fact that the wagon was being driven too fast just before the accident was immaterial, there being enough to show that the accident would have happened just the same had the wagon been driven at a slower speed, and that the driver could not have avoided the accident by the exercise of ordinary care.

2. SAME—IMPUTED NEGLIGENCE.

Where a child of an age too tender to charge it with contributory negligence is run over by a wagon in the street, the negligence of its mother in sending it on the street unattended must be imputed to it.

15 N. Y. Supp. 952, reversed.

Appeal from city court, general term.

Action by Florence Dudley against the Westcott Express Company. From a judgment for plaintiff, defendant appeals. For former report, see 15 N. Y. Supp. 952. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

E. Luther Hamilton, (Austen G. Fox, of counsel,) for appellant. Jeroloman & Arrowsmith, for respondent.

BOOKSTAVER, J. This action was for damages for running over the plaintiff, who, when hurt, was three years and four months old. No evidence was offered on behalf of the defendant, apparently because it was thought unnecessary, in view of the fact that Frank W. Kearney, one of the witnesses for the plaintiff, who was on that day driving a car on the Boulevard Railroad, and who was in a position to and did see how the accident happened, testified that it occurred by reason of the plaintiff running between the front and hind wheels of defendant's wagon. The court charged the jury that, if the child was injured by getting in between the front and hind wheels of the wagon, then the defendant was entitled to a verdict. This, then, became the law of the case, which should have guided the jury in arriving at a conclusion; and we think, in view of the evidence, was a proper charge. The same witness further testified that he first saw the child crossing from the opposite side of the street, and that he had to stop his car to let her cross ahead of him; that the child continued in her course, and just met the rear wheel of the wagon, which struck her on about its last revolution, as the driver was stopping his wagon. Several other witnesses were called by the plaintiff, but none of them was near enough to see the details of the accident. Mr. O'Connell, the

only other witness who says he saw the child knocked down, was at some distance from the scene, and he says he first saw her as she was being knocked down and falling under the wagon wheel. He testified, in corroboration of Kearney's testimony, that he put his hand on the spoke of the wheel, and took it from the child's shoulder; thus showing that the hind wheel had not entirely run over the child, and confirming Kearney's evidence that the wagon had almost stopped at the time. There is no evidence that the driver saw, or could have seen, the child, or have avoided the accident, by the exercise of ordinary care, as she apparently emerged just in front of the horses attached to the Boulevard car. It is true that the case abounds in evidence tending to show that at one time the driver of defendant's wagon was lashing his horse, and going at a high rate of speed. But we think it clear that this must have been checked before the accident, for the wagon could not have been stopped in the distance it was if he had then been going at a great rate of speed.

In *Buckley* v. *Manufacturing Co.*, 113 N. Y. 540, 546, 21 N. E. Rep. 717, the court said: "After the general charge of the judge to the jury, the counsel for the defendant said this to him: 'I understand your honor to tell the jury, and I ask to have it repeated, that it happened from a slip, and was an inevitable accident; that there can be no recovery anyway, whether it was a dangerous employment or not.' And the judge replied: 'I think I have charged that substantially; I cannot repeat it.' That charge required a verdict for the defendant. The evidence is undisputed, all coming from the plaintiff himself, that the accident did happen from a slip, and was therefore, in that sense, inevitable. We are therefore of opinion, as this case now appears on the record, the trial judge having held, as the law of the case, that the defendant was not responsible for any carelessness on the part of O'Rourke, that the plaintiff should have been nonsuited." And we think that the reasoning is decisive of this case. *Fenton* v. *Railroad Co.*, 126 N. Y. 625, 26 N. E. Rep. 967, was a case where the plaintiff's evidence tended to show that he fell on the track from 10 to 15 feet in front of the car, and that the brake was not applied until "the car struck the boy." The court reversed the judgment for the plaintiff, saying: "There is no evidence that, by the exercise of all the vigilance that the law requires of drivers under such circumstances, they could, after the boy had fallen upon the track, have arrested the car in time to save him from injury. In other words, there must be evidence, not only of negligence, but of negligence that caused the injury."

It is not material if the defendant's servant was driving too fast at one time, if there is enough to show that the accident would have happened just the same, even had he been driving at a slower speed. In this case, from the only real evidence as to the occurrence of the accident, it is apparent that the child collided with the wagon after the horse and the front wheels had passed in safety. She was apparently injured from crossing directly in front of the horse-car, and in endeavoring to avoid that danger rushed into another. The accident arose from her own act, and not from any act of the defendants. But respondent contends that the plaintiff was a child between three and four years of age, and was *non sui juris;* hence personal negligence could not be attributed to her. If the child was *non sui juris,* then it was negligence on the part of plaintiff's mother to send her into the public street, or to permit her to go unattended into the street, which should have been passed upon by the jury under proper instructions. In *Barry* v. *Railroad Co.*, (Com. Pl. N. Y.,) cited by the respondent, and reported in 16 N. Y. Supp. 518, it was held that there was some evidence to warrant a finding by the jury that the parent exercised ordinary care to prevent the child going into the public street unattended. Within the case there cited, and the principles laid down by the court per PRIOR, J., the judgment in this case should be reversed, unless there is some evidence of care on the part of plaintiff's mother, exercised to prevent the escape of the child into the public street, or to at-

tend it while in the street. The only evidence upon the subject is that of the mother, and, from a careful examination of it, we are unable to discover any testimony on her part to show any care whatever. On the contrary, the evidence is plain that, in the language of the court in the case of *Hartfield* v. *Roper*, 21 Wend. 615, the mother did allow the child to go into the highway unattended. On this question, see cases cited in *Barry* v. *Railroad Co.*, *supra*, and *Flynn* v. *Hatton*, 43 How. Pr. 333; *Callahan* v. *Bean*, 9 Allen, 401; *Wright* v. *Railroad Co.*, 4 Allen, 283; *Lehman* v. *Brooklyn*, 29 Barb. 234; *Thurber* v. *Railroad Co.*, 60 N. Y. 326–333; *Stillson* v. *Railroad Co.*, 67 Mo. 671; *Railroad Co.* v. *Harris*, 67 Ala. 6; *Railroad Co.* v. *Vining*, 27 Ind. 513; *Cauley* v. *Railroad Co.*, 98 Pa. St. 498; 5 South. Law Rev. (N. S.) 684. The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. In ordering a new trial, however, we do not intend, by anything that has been said, to intimate that the case is one which should not be submitted to the jury upon the question of contributory negligence, but only that such submission should be accompanied with proper instructions in regard to the care the parent should exercise towards a child of such tender years. All concur.