# CASES

### ARGUED AND DETERMINED

###### IN THE

# SUPREME COURT OF VERMONT.

---

WILLIAM B. HAYES by next friend *vs.* THE COLCHESTER
MILLS.

January Term, 1894.

Present: Ross, C. J., TAFT, ROWELL, MUNSON, START and THOMPSON, JJ.

*Risks Assumed by Employee—Fellow-Servant—Master's Duty to Caution
and Instruct—Liability to Child—Evidence for Jury.*

A servant assumes the risks incident to his employment including those
which arise from the negligence of a fellow-servant, even though such
fellow-servant has authority to direct his labors; and this rule applies to
a minor, though of tender years. But in such case the rule is modified
by the duty resting upon the master to warn and instruct; and even
warning and instruction will not relieve him from liability if the service
required of the child was beyond his capacity and outside the scope of
of his employment.·

In the case at bar, the plaintiff having been engaged to do such general
work as might be suited to his capacity, it was for the jury to say
whether the service required of him was beyond his capacity and there-
fore outside the scope of his employment.

The master is not relieved from liability by the fact that the improper task
was imposed by a fellow-servant if such fellow-servant was acting within
the scope of his own employment in imposing it.

If a servant, acting within the scope of his employment, sets his fellow-

*1*

servant a task which requires warning and instruction, such duty devolves upon the servant giving the order, and his negligence in that respect is the negligence of the master.

If the mere description of a service shows that it is hazardous, there is no need that witnesses should characterize it as such.

The burden was upon the plaintiff to prove that the defendant failed in its duty to give him instructions. But although the court seems to have submitted the case upon the opposite theory, the defendant cannot avail itself of the objection here, having neglected to raise the question in the court below.

Upon the facts of this case the court could not say as a matter of law that the danger was so obvious as to make warning and instruction needless.

ACTION ON THE CASE FOR NEGLIGENCE. Plea, the general issue. Trial by jury at the April Term, 1893, Chittenden County, *Tyler*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

*W. L. Burnap, Henry Ballard* and *H. F. Wolcott* for the defendant.

The plaintiff is seeking to recover for negligence of a co-employee on the ground that the latter sustained to the defendant the relation of vice-principal.

The plaintiff was fourteen and one-half years old and had been employed in the room where he was injured for two years around and near the shafts.

He was conceded to be a boy of ordinary education and intelligence. If warning and instruction were necessary, there was no evidence that they had not been given; there was no evidence upon the subject. The risk, whatever it was, was perfectly apparent. It was not claimed that the accident occurred by reason of any defect in the machinery or its operation, nor that Sturgis, whom the plaintiff was assisting at the time of the accident, was incompetent.

Sturgis in requiring and the plaintiff in giving the assistance were acting within the scope of their employment.

If there was any negligence it was the negligence of Sturgis. The defendant was entitled to a verdict upon the plaintiff's evidence because it did not disclose the breach of any duty imposed upon the defendant in the relation of master.

Sturgis and the plaintiff were strictly fellow-servants. The rule which forbids recovery of the master for the negligence of a fellow-servant is not changed by the fact that the plaintiff is a minor. *Pittsburgh, etc., R. Co.* v. *Adams*, 105 Ind. 151: 5 N. E. 187; *Gartland* v. *Toledo, etc., R. Co.*, 67 Ill. 498.

The plaintiff was employed to do such work as might be suited to his capacity and the master never authorized Sturgis to set him a task beyond that. Consequently, as Sturgis was only a fellow-servant and not vice-principal, his act in setting the task was not the act of the master, if the task was beyond the plaintiff's capacity. *Felch* v. *Allen*, 98 Mass. 572; *Pittsburgh, etc., R. Co.* v. *Adams, supra.*

The plaintiff was bound to show that he needed instruction and that the master knew it. His minority alone did not make this out. *Ciriack* v. *Merchants' Woolen Co.*, 146 Mass. 182: 15 N. E. 579, *Goodnow* v. *Walpole Emery Mills*, 146 Mass. 261 : 15 N. E. 576; *Downey* v. *Sawyer*, 157 Mass. 418: 32 N. E. 654. In this case not only was there no evidence that instruction was needed but the contrary appeared.

The charge was fatally defective in omitting the statement of the rule requested by the defendant, that "if the plaintiff was acting within the scope of his employment he assumed any peril incident thereto which was apparent, obvious and comprehensible to him." That this is the true rule cannot be questioned. That the court did not adequately state it is plain.

*C. M. Wilds, Seneca Hazelton* and *E. R. Hard* for the plaintiff.

Whether the task was so dangerous and the plaintiff's judgment so immature that instructions were required was a question for the jury and the court properly refused to treat it as a matter of law. *Reynolds* v. *B. & M. R. Co.*, 64 Vt. 66; *Dumas* v. *Stone* 65 Vt. 442; *Worthington* v. *Central Vt. R. Co.*, 64 Vt. 107; *Vinton* v. *Schwab*, 32 Vt.

612; *Hinckley* v. *Horazdowsky* 133 Ill. 359: 8 L. R. A. 490, and note; Shear. & Red. Neg. (4 ed.) § 218; 2 Thomp. Neg. 978; Wharton Neg. (2 ed.) § 216; *Patnode* v. *Warren Cotton Mills*, 157 Mass. 283: 32 N. E. 161; *Glover* v. *Dwight Mfg. Co.*, 148 Mass. 22: 18 N. E. 597; *Coombs* v. *New Bedford Cordage Co.*, 102 Mass. 572; *Kehler* v. *Schwenk*, 151 Pa. 505: 25 Atl. 130; *Fisher* v. *D. & H. Canal Co.*, 153 Pa. 379: 26 Atl. 18.

The defendant cannot escape liability under the fellow-servant doctrine. The duty being cast upon the defendant to warn and instruct, he was not relieved therefrom by the fact that he had delegated to another, whether co-servant with the plaintiff or not, the authority to direct the plaintiff in his work. Harris Dam. by Corp. 616; *Hinckley* v. *Horazdowsky and note, supra*; *Yeaman* v. *Noblesville Foundry & Machine Co.*, 3 Ind. App. 521: 30 N. E. 10; *Union Pac. R. Co.* v. *Fort*, 17 Wall. 553.

The charge correctly stated the duty of the defendant to the plaintiff.

The defendant's request to charge that "any peril that was apparent, obvious and comprehensible to him was assumed," was complied with in substance and in clearer form. So also was the request upon the subject of the defendant's duty to instruct.

MUNSON, J. The plaintiff, a boy of fourteen, was one of several helpers employed in the defendant's spinning-room. He lost an arm while at work under the immediate direction of one Sturgis, who was mending a belt which hung from a revolving shaft. The plaintiff was standing near the top of a step-ladder, holding the belt from the shaft to prevent it from crawling, when he was caught by the belt in some manner and drawn over the shaft. He had been employed in this room about two years. His evidence tended to show that his ordinary duties were to sweep the floor, pick up waste, change bobbins, mend broken threads and occasionally oil and clean some parts of the machinery when it was

not running; that up to this time he had not been called upon to render such service as he was engaged in when injured, nor assisted in mending a belt, nor made use of a step-ladder; that Sturgis was the second hand in the spinning-room, and had the oversight of the machinery, and the immediate charge of the helpers, and entire charge of the room when the first hand was absent from it, as was the case at the time of the accident; that Sturgis generally hired the helpers, and set them at work, and discharged them if dissatisfied, but that the first hand could retain them notwithstanding Sturgis' action if he thought best.

The shaft from which this belt was hanging was the main shaft, elevated thirteen feet above the floor, and having three hundred revolutions a minute. Attached to this shaft was a drum four feet in diameter, which was connected by a twelve-inch belt with the gearing of the water power beneath. There was a space of five or six feet between the drum and the wall of the building. The step ladder was set up in this space, by the side of the drum and main belt, and about a foot from them. It was a step ladder of the ordinary construction, twelve feet high, somewhat worn, and not entirely firm. There was nothing by which the plaintiff could steady himself but the ladder. The rapid motion of the drum and connecting belt produced a considerable movement of the air where the ladder stood. It was not claimed that the plaintiff came in contact with either the drum or the main belt. The evidence of the plaintiff tended to show that on going up the ladder he became frightened, and returned to the foot of the ladder and told Sturgis he did not want to stay up there for fear he would be hurt, and that Sturgis thereupon clapped his hands together and told him with an oath to go up or take his hat and go home, and that upon this he went up the ladder again and received his injury.

The case was submitted to the jury on the theory that there was evidence tending to show that Sturgis was negligent in requiring of the plaintiff a dangerous service not

suited to his capacity, and in failing to give him such advice and instructions as the case required; and that the negligence of Sturgis in these respects was the negligence of the defendant. The defendant insists that there was no evidence tending to show negligence in the respects claimed, and that if there was any negligence on the part of Sturgis it was the negligence of a fellow-servant.          •

It is well settled that one who engages in a dangerous employment as the servant of another takes upon himself all the risks which are ordinarily incident to that employment, and that among the risks thus assumed are those which arise from the negligence of a fellow-servant. It is also true that one who is engaged with another in the same employment is not divested of the character of a fellow-servant by the mere fact that he has authority to direct the other in his work. A minor, even if a child of tender years, is held to be within the application of these general rules. But in the case of young persons their effect is modified by other rules, which impose special duties upon the employer in view of the inexperience and want of judgment of servants of this class. It is the duty of one who employs an immature and inexperienced person for a dangerous service to explain to him the perils incident to his work, and instruct him how to avoid them. But the giving of proper instructions will not relieve an employer from liability to a child, if the work required of him was not within the scope of his employment and not such as ought to have been required of a person of his capacity.

The plaintiff was not engaged for the performance of any specific work. He was to do such general work in the spinning room as was suited to his capacity. His engagement contemplated the undertaking of more difficult work as he became fitted to do it. It is evident that this is not a case in which it can be said as matter of law that the service the plaintiff was called upon to render was or was not such as it was his contract duty to perform. This new service

had come within the line of his employment if his advancing years and experience had prepared him to undertake it.  It had not come within the line of his employment if it was still beyond his capacity.  It was therefore proper for the court to treat the question of the defendant's negligence in requiring the service as depending simply upon the plaintiff's capacity.

If this service was beyond the plaintiff's capacity, and so outside the scope of his employment, he did not assume the risks attendant upon it.  A person of mature years might have been held to have assumed them by consenting to do the work; but the rights of a child are not permitted to depend upon his ability to discriminate promptly as to the work required of him, or to refuse obedience to the command of his superior.  This limitation of the plaintiff's risk renders the doctrine of fellow-servant inapplicable.  In entering the defendant's service, the plaintiff assumed only such risks  arising  from  the  negligence  of  his  co-employees as might be incurred within the scope of his employment.  So it is not necessary to determine whether the nature and extent of Sturgis' authority over the plaintiff were such as to exclude him from the relation of fellow-servant.  The effect of his authority over the plaintiff is to be considered without reference to that relation.  The defendant assigned Sturgis to the care of the machinery and placed the plaintiff under his orders.  If Sturgis, acting within the sphere of his own duty, required of the plaintiff a service which was outside his employment, and which a prudent master would not have imposed upon a person of his years, strength and judgment, the defendant is liable for the consequences of the improper order.

In *The Union Pacific Railroad Company* v. *Fort*, 17 Wall. 553, a boy of sixteen had been engaged as a helper in a machine shop.  After he had been employed for a few months in receiving mouldings as they came from a machine, he was sent by the person under whose direction he was working

into the midst of rapidly revolving machinery to adjust a belt, and in attempting to do this received an injury. It was found that this service was beyond the scope of the boy's employment, and was one which a prudent man would not have required him to undertake. It appeared also that the person giving the order had the care and management of the machinery. The plaintiff in error was held liable. The court considered that the rule exempting the master from liability for the negligent conduct of a co-employee in the same service, did not apply; that the rule stood upon the presumption that an employee, in entering the service of his principal, took upon himself the risks incident to the undertaking; and that this presumption could not arise where the risk was not within the contract of service and the servant had no reason to believe he would have to encounter it.

It is apparent that the plaintiff's evidence entitled him to go to the jury upon the question of negligence as depending upon his capacity for the service, irrespective of the giving of instructions, and that this alone would have prevented the direction of a verdict for the defendant.

But assuming that the service required of the plaintiff was such as he might properly have been called upon to undertake with suitable instructions, it remains to consider whether there was evidence tending to show that the defendant was negligent in failing to instruct him.

It is said there was no evidence that the service was hazardous. It was not necessary to have the service so characterized by witnesses. The mere description of the work was evidence tending to show that it was hazardous. It is said that the previous service of the plaintiff had been such that his employer was justified in assuming that he was fitted to undertake the work required of him. The length of time the plaintiff had been employed there, the nature of the work he had been engaged in, and the knowledge he had acquired of the machinery, were important to be considered by the jury, but afforded no basis for a conclusion of law. In-

asmuch as the evidence tended to show that this was a service essentially different from any before required of him, it could not be assumed that his experience was such that instructions were unnecessary. It is also said that it does not appear but that instructions were given. It is true that the burden is upon the plaintiff to show a failure in this respect, and that the statement of the case contains nothing as to any evidence on this point. But the defendant is not in a position to avail itself of this objection. The point was not brought to the attention of the court by the request which is treated as a motion to direct a verdict. It was in no way suggested by the request relating to the subject of instructions. The only reference made in the charge to the situation of the case in this respect was the statement that it did not appear that any instructions were given. The jury were thus told, in effect, that they were to start in their consideration of the subject of instructions with the fact that none were given, and no exception was taken to this method of submitting the case.

It is further insisted that however different this service may have been from the work plaintiff had previously done, it must be supposed from his long employment in the room that he knew the shaft was in motion and that contact of the belt with it would be dangerous, so that any instructions that could have been given would have simply covered what he already knew. In *Buckley* v. *Gutta Percha, etc., Mfg. Co.*, 113 N. Y. 540, a boy who was in the performance of his duty about a machine at which he had worked for several days, slipped on the floor, and involuntarily threw out his hand, in such a manner as to thrust it into a set of cogwheels. Here it was said to be "impossible to perceive how the absence of instructions had anything to do with the injury." In *Ogley* v. *Miles*, 139 N. Y. 458, the plaintiff lost his fingers by a buzz-saw soon after he was set to work at one by the defendants without instructions. It appeared, however, that he had operated such a saw before, long enough

to learn the nature of it, and the danger attending its use; and the court considered that this placed him "in the same position as to knowledge that he would have been in had the defendants imparted to him oral information of the dangerous character of a buzz-saw."

But we think the case under consideration is not fairly within this line of decisions. The plaintiff was suddenly called upon to perform a service which was essentially different from any he had before undertaken. The danger of the service lay somewhat in the place where it was to be done, and the position it was necessary to take in doing it. It cannot be assumed from the fact that the plaintiff knew in a general way of the movement of the shaft and its effect upon a belt, that he so understood the dangers connected with the performance of this particular service that the caution and instruction of an experienced workman would have been of no benefit to him. We think the plaintiff's knowledge in the respects stated will not justify us in holding as matter of law that he was not entitled to caution or instruction under the circumstances disclosed by his evidence.

It being for the jury to determine whether instructions should have been given the plaintiff, it is necessary to consider whether any omission of Sturgis in this matter was the negligence of the defendant. It is evident that the right of an employee to receive instructions cannot be made to depend upon the presence of the employer or his general representative. The duty must often rest upon the one whose order creates the necessity for the instruction. In such a case the employer cannot excuse himself for the employee's failure to receive instruction by saying it was the neglect of a fellow-servant. If it became the duty of the defendant to instruct the plaintiff, the performance of that duty devolved upon Sturgis, and any negligence of Sturgis therein would be chargeable to the defendant. This holding is not upon the ground that Sturgis was not a fellow-servant of the plaintiff in the general sense, but upon the ground that his connection

with the plaintiff in this transaction was such that when occasion arose for instructing the plaintiff he was in that matter the representative of the defendant. When an employee, although a fellow-servant of the injured employee, is charged with the master's duty to such employee, his failure in that duty is the negligence of the master, and the doctrine of fellow-servant does not apply.

So there was evidence tending to show that the defendant was negligent in the matter of instructions.

The defendant's fourth request, to the effect that the duty of instruction would depend upon the plaintiff's need of it, and not upon the fact of his minority, was fully complied with.

The defendant requested the court to charge that if this service was within the scope of the plaintiff's employment, he took the risk of any peril attending it "that was apparent and obvious and comprehensible to him." We think this request was substantially complied with. The jury received the following instruction: "It is true, as a general rule of law, that employees take the ordinary risks incident to their employment. And this applies to children, if they are able to understand clearly the risks and dangers. If they are not able to understand the risks and dangers, then they should be informed and appraised of them." The jury had before this been told that "if a child has mind enough, discretion enough, to fully appreciate the danger, then the caution would not be required." And again: "If a child has mind and discretion sufficient to see and fully appreciate the danger to which he is exposed, then the law requires that he shall use that capacity in order that he may recover." We are satisfied from a careful examination of the whole charge that the jury must have understood that if this service was within the scope of the plaintiff's employment, and the danger attending it was obvious and comprehensible to him, he took the risk of it, and was not entitled to recover.

No exception was taken to the charge as given.

*Judgment affirmed.*