## TIMOTHY C. MILES v. TOWN OF ALBANY.

*Selectmen, Powers of. Invalid Tax Bill. Voluntary Payment.* R. L. ss. 450, 2692–3. *Practice.*

1. The selectmen under the statute—R. L. s. 2692—giving them "the general supervision of the concerns of the town," have control of an invalid tax-bill; thus, the plaintiff receiving a tax-bill as collector advanced and paid into the treasury the amount of the same, and when its illegality was discovered by the selectmen they instructed him not to force collections, and promised to repay him what he did not collect by voluntary payment; *Held,* that the promise was binding on the town; and that the payment by the collector was not under the ban of a voluntary payment. TAFT, J., dissenting.

2. A question will not be considered unless raised by the exceptions.

ASSUMPSIT. Trial by jury, September Term, 1884, Orleans County, POWERS, J., presiding. Judgment for the plaintiff. The case is stated in the opinion.

*Grout & Miles* and *Crane & Alfrid,* for the defendant.

The selectmen had no power to bind the town to repay. When suit is brought by a town against a sheriff for not paying over to it money collected by him for it, the selectmen are not permitted to receive the same from him and execute a discharge therefor, which will bind the town. *Middlebury* v. *Rood,* 7 Vt. 125.

Selectmen cannot, without a vote of the town for that purpose, discharge the interest of a witness so as to render him competent to testify for the town. *An el v. Pernal, 3 Vt.* 461.

The selectmen cannot settle with a collector and discharge him from his liabilities as such. *Leavenworth* v. *Kingsbury,* 2 Day, 323; *Horn* v. *Whittier,* 6 N. H. 88.

This was under a statute empowering selectmen "to take care of and order the prudential affairs of the town."

Under a similar statute it was held in *Griswold* v. *North Stonington,* 5 Conn. 367, that the selectmen could not submit

Miles *v.* Town of Albany.

to arbitration the question regarding the settlement of a pauper. In that case it was contended selectmen had such right, under their authority, "to take care of and order the prudential affairs of the town," that gave them a general authority.

Selectmen cannot, under their general powers, release a highway surveyor from his liability over to the town for damages recovered against it by an individual by reason of insufficiency of highway. *Carlton* v. *Bath*, 22 N. H. 559. See *Andover* v. *Grafton*, 7 N. H. 298. If the list was invalid through the fault of the listers, they were liable to the person injured. *School Dist.* v. *Kitteredge*, 27 Vt. 650 ; *Stearns* v. *Miller*, 25 Vt. 20 ; 24 Vt. 9 ; 22 Vt. 114 ; 13 Vt. 358 ; 10 Vt. 241.

The selectmen could not bind the town, in any event, as to the state and state school taxes. *Spear* v. *Braintree*, 24 Vt. 414 ; *Vt. C. R. R. Co.* v. *Burlington*, 28 Vt. 193 ; *Slack* v. *Noewich*, 32 Vt. 818.

*L. H. Thompson* and *J. C. Burke*, for the plaintiff.

The selectmen had power to bind the town to repay. Act of February 28, 1799 ; Rev. Stat. p. 91, s. 41 ; Comp. Stat. p. 118, s. 43 ; Gen. Stat. c. 15, s. 45 ; R. L. s. 2692 ; *Holloway* v. *Barton*, 53 Vt. 300 ; 2 N. H. 278 ; 19 Conn. 331.

The selectmen are the fathers of the town, and are bound to look after its "prudential affairs," and generally to supervise the concerns of the town, unless the matter in hand has been specially committed to some other officer.

Selectmen may submit a claim made against the town to arbitrators so as to bind the town to the payment of the award. *Dix* v. *Dummerston*, 19 Vt. 262 ; *Hollister* v. *Pawlet*, 43 Vt. 426.

They have power to settle and stop a suit in behalf of the town for a penalty for not removing an obstruction from the highway, although the town agent is opposed to such settlement. *Cabot* v. *Britt*, 36 Vt. 349.

Miles *v.* Town of Albany.

Selectmen may employ counsel to prosecute or defend suits for town, especially where the town agent neglects to do so. *Burton* v. *Norwich*, 34 Vt. 345.

" Selectmen are especially the fanancial agents of the town." *Thayer* v. *Lyman*, 36 Vt. 646.

If the taxes committed to plaintiff for collection turned out to be illegal, the defendant was bound to indemnify him for all costs and damages he might incur in attempting to enforce their collection. Gen. Stat. p. 538, s. 63 ; R. L. s. 450 ; *Ladd* v. *Waterbury*, 34 Vt. 426.

A tax collector is not bound to look beyond his tax bill and warrant to ascertain whether the same is legal or not. *Ladd* v. *Waterbury*, *supra*.

The opinion of the court was delivered by

VEAZEY, J. The plaintiff being tax collector, and having tax bills placed in his hands by the selectmen for collection, advanced and paid into the treasury the amount of the same before collection, on the supposition that the assessment was legal, and the tax bills valid and collectible by law. He now seeks to recover so much of that money as he has not collected on his tax bills, on the ground that the selectmen understanding there was some invalidity which rendered the taxes not enforceable, instructed him not to attempt to force collections, and promised to repay what he did not collect by voluntary payments.

Defendant's counsel claim and argue that the selectmen had no power to bind the town to repay the plaintiff and deny its obligations on any ground. This claim imposes the consideration of the power of the selectmen, under our statutes, in respect to an invalid tax bill, or one supposed to be invalid. By section 2693 R. L., it is made the duty of the selectmen to make out tax bills and deliver them to the collector, etc. Section 450 provides an indemnity to collectors for any illegality in tax bills, assessments, etc. Section 2692 provides that " the selectmen shall have the *general supervision of the concerns* of

6.

the town," etc. Previous to the Revised Statutes of 1839, the provision was that they should " superintend the *prudential affairs* of the town." Since this change of the statutes it has been held that they may submit a claim against the town to arbitrators, so as to bind the town, *Dix* v. *Dummerston*, 19 Vt. 262 ; and may settle and stop a suit in behalf of the town, although the town agent is opposed to such settlement, *Cabot* v. *Britt*, 36 Vt. 349 ; and may employ counsel to prosecute or defend suits for the town where the town agent for prosecuting and defending suits neglects to do so, *Burton* v. *Norwich*, 34 Vt. 345 ; and that they " are especially the financial agents of the town," *Thayer* v. *Lyman*, 35 Vt. 646. These cases indicate the trend of decisions under the present statute.

If the selectmen should make a tax bill and deliver it to the collector, and thereupon find it was illegal and not enforceable, it would be strange if they had no power to interfere ; but were obliged to let the collector proceed with it as though legal, and get the town involved in hopeless law suits. The statutes give the collector no discretionary power, but does indemnify him, as shown above. Somebody should have authority to deal with an illegal tax bill in a sensible manner. The power is given to no officer other than the selectmen. It is surely an important " concern of the town." When a tax bill is not enforceable by reason of some illegality in the proceedings applicable to the whole bill, the abatement provisions afford no remedy, because only the twentieth part can be abated. Without this limitation it is doubtful whether the statute gives authority to the abatement board in this behalf. In view of the prescribed duty and obligations of the collector, and of his limitation of power as to a tax bill for which he has given his receipt, there seems to be no solution of the difficulty where a tax bill is tainted with fatal illegality unless the selectmen can interpose by virtue of having the " general supervision of the concerns of the town." We think that under this authority they might recall such a tax bill. Their decision that a tax bill is not enforceable would not be conclusive upon

Miles *v.* Town of Albany.

others; but having so decided, and having therefore taken action in the interests of the town by a withdrawal of the bill from the collector, it plainly ought to be a relief of the collector from his liability for non-collections. If so, then the town should not retain his advancements on a tax bill thus withdrawn. If the selectmen may withdraw they may as well instruct not to enforce because it is the same in effect. Having advanced the money before the supposed invalidity was discovered, and having acted in not enforcing the tax upon authorized interference of the selectmen, the town holds the money of the collector against equity and good conscience.

Although the advancement was voluntary, it is not under the ban of a voluntary payment; because the plaintiff's right arises out of the subsequent lawful intervention of the selectmen. He, as collector, was not chargeable with any inquiry as to the validity of his tax bill, but might rely upon its legality.

If, then, the selectmen had the right, and were under the duty to interfere as they did, they could bind the town by a promise to return to the plaintiff the money which their interference prevented him from realizing. The instructions to the jury excepted to were substantially in accordance with this view.

It is further claimed that in any event the plaintiff cannot recover for the amount of the state and state school taxes. It does not appear whether this question was raised in the County Court, or that any exception was reserved on it. It, therefore, cannot be considered here.

Judgment affirmed.

Dissenting opinion by

TAFT, J. I believe that the town has, and should have, no power to contract with reference to an illegal assessment; that the payment by the plaintiff was voluntary, and judgment should be for the defendant. I therefore dissent from the opinion of the majority of the court.