ELIJAH P. HERRICK and LUCY ANN HERRICK *v.* JENEVA S. McCAWLEY and HARRIS McCAWLEY.

October Term, 1899.

Present : ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed April 26, 1900.

*Findings supported by evidence conclusive—Party a witness—Inconsistent declarations of party*—When there is evidence before a master tending to show previous declarations of a party at variance with his testimony, it is the duty of the master to determine whether or not the declarations were made, and if they were made, to weigh and consider them in their effect upon the testimony of the party who made them, and as evidence in chief in connection with all the evidence in the case, and by the master's findings and failures to find upon such consideration of the evidence the parties are concluded.

CHANCERY.  Heard on pleadings, master's report and exceptions thereto.  Chittenden County, March Term, 1899, before *Taft*, Chancellor, who rendered a decree  dismissing the bill. The orators appealed.

The question was as to the sufficiency of the evidence to support the master's findings.

*H. N. Deavitt* for the orators.

*Powell & Powell* for the defendants.

START, J.  The answer put in issue the material allegations of the bill, and these issues are found in favor of the defendants. The orators' counsel does not claim that the testimony of the defendant, Jeneva S. McCawley, did not  tend to support the findings ; but he contends that the orators' testimony tended to show that her previous declarations were  at variance  with her testimony, and  that,  for this reason, the findings are  unwarranted and against the weight of evidence.   The fact that such evidence was before the  master  does not  furnish a reason  for departing from the rule, that, in the  absence  of fraud, findings supported by evidence are conclusive.   It was the duty of the master to find whether the declarations were  made and, if  made, to weigh and consider them, and  say how far they confirmed the claims of the orators, or affected the testimony  introduced by  the defendants, and, from a  consideration of  all the  evidence, find  whether the material allegations  of the  bill  were  true ; and,  by his finding and failure to find, the orators are concluded.   *Howard* v. *Scott*, 50 Vt. 48 ;  *Willard* v. *Pinard*, 65 Vt. 160 ;  *Waterman* v. *Buck*, 58 Vt. 519.

*Decree affirmed and cause remanded.*