EDMUND LAFLAM *v.* MISSISQUOI PULP COMPANY.

January Term, 1902.

Present: ROWELL, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed February 27, 1902.

*Injury to servant—Contributory negligence—Want of instruction—Admissions—Testimony on former trial—Rebuttal—Surrounding circumstances—Harmless error—Objections not raised below—Instructions—Degree of contributory negligence.*

The plaintiff, after having worked two nights for the defendant in its mill, was called upon to oil a certain pump which was within the duty of his employment. The oiling could have been done with reasonable safety by going around on the back side of the pump, but the plaintiff not having been instructed in this particular and thinking that there was not a good chance to get around there, in attempting to do the oiling by reaching over two revolving cog-wheels, put out his hand to rest it on the capping on the opposite side of the pump to steady himself, and it was caught between the cogs—a danger which he had not foreseen or comprehended—resulting in the injury complained of. *Held*, that he was not negligent as a matter of law, though he knew that there were revolving wheels attached to the pump and that contact with them would be dangerous.

The statement of a servant, made immediately after the accident, that he was careless and alone to blame, is not conclusive on the question of contributory negligence.

In an action for personal injuries, the testimony bearing on the question of contributory negligence given by the plaintiff on a former trial, is not conclusive on that question, but is to be weighed with the testimony given by him on the present trial.

The circumstances attending this accident (enumerated in the opinion) were such, that the question of the master's negligence in failing to give proper caution and instruction, was properly submitted to the jury.

In an action by a servant for personal injuries sustained through the negligence of the master, evidence of the servant's inexperience, his need of instruction, the fact that none was given, and of the circumstances under which the accident happened, is admissible though not alleged in the declaration.

In such an action, evidence that the plaintiff did not know of the danger he incurred and that no one told him of it, is admissible on the questions of contributory negligence and the master's duty to instruct.

In such an action, the defendant having shown that the plaintiff, on a former trial, gave materially different testimony, it is proper for the plaintiff to show how long he was under cross-examination and how many pages of testimony he gave in that trial, as bearing on the weight to be given to such contradictory statements.

Error in excluding evidence on an objection which is seasonably withdrawn, is rendered harmless.

When a question asked of a party by his counsel is unaccompanied by an offer and does not disclose what the answer would have been, it is proper to exclude it.

A witness for the plaintiff testified that he had before the accident worked in this mill a year, that the pumps and grinders were then operated in the same way as at the time of the accident, and that the speed of the pumps varied. It was objected that these facts should be proved by a witness who knew how the pumps were running about the time of the accident. *Held*, that the testimony tended to show that the witness had such knowledge and that it was properly received.

Language used by counsel in framing an unanswered question will not be reviewed here unless an objection thereto was made below.

Upon the question whether oiling the pumps was a part of the plaintiff's duties, it was proper to ask the foreman of the mill upon cross-examination if, before plaintiff's employment, the boy who wheeled the wood to the grinders attended to the oiling of the pump as a part of his duties.

A witness for defendant who testified that the plaintiff, in a conversation shortly after the accident, did not state to whose carelessness it was due, was asked if the plaintiff said anything to indicate that it was due to the defendant's carelessness. On the plaintiff's objection, this question was excluded,—the court saying to defendant's counsel that he might show all that plaintiff said. *Held*, that in view of the witness' previous testimony and this ruling, the exclusion of the question was not prejudicial to the defendant.

In an action for personal injuries, the correct rule is that, if the plaintiff's negligence contributes in the least degree to the accident, there can be no recovery; and it is error to instruct the jury that the plaintiff's negligence must contribute in a material degree to preclude a recovery.

When, in an action for personal injuries, the trial court by general instruction correctly defines the measure of care which the law requires of the servant to avoid injury, it is not error to omit to instruct the jury as to his duty in some particular covered by the defendant's request.

The trial court instructed the jury that if the plaintiff was not negligent and the defendant was negligent in not informing him of the danger, he could recover; but that it was not necessary for the defendant to inform the plaintiff of dangers which he saw and understood, or which, by the use of his faculties, he could understand. *Held*, a sufficient compliance with defendant's request to instruct that plaintiff assumed the risk not only of the danger of which he knew but also of that of which he reasonably ought to have known.

The trial court charged the jury that if the plaintiff was informed, just before he undertook to oil the pump, what the danger was and how to avoid it, no further instruction, perhaps, was required. *Held*, that the use of the word "perhaps" was error, as it left it in doubt whether the defendant had done its full duty or not.

CASE for personal injuries. Plea, the general issue. Trial by jury at the September Term, 1901, Orleans County, *Tyler*, J., presiding.  Verdict and judgment thereon for the plaintiff. The defendant excepted.

The defendant's requests to charge relied upon in argument (other than those recited in the opinion), were as follows:

10.  That if the danger was obvious to the plaintiff, and he did not use ordinary care and prudence, in looking at the machine, and exercise his senses and judgment in relation to whether there was danger, he cannot recover.

11.  It was the duty of the plaintiff to observe his surroundings, and the incidental risks, and if by reason of his inattention he was ignorant of them, he cannot recover.

12.   That the danger being apparent, the defendants were under no obligation to box or cover the cogs, and there was no negligence on the part of the defendants in this regard.

13.   That no duty rested upon the defendant to box these cog-wheels.

15.   That the declaration does not allege danger by reason of cogs revolving *inwardly,* and that the jury should not consider any evidence in the case upon that point.

19.   The danger from the cog-wheels being the only danger about the machine disclosed by the evidence, and that danger being readily seen and visible, defendants were under no duty to instruct the plaintiff as to the danger of coming in contact with revolving cog-wheels.

20.   It was not the duty of the defendants to tell the plaintiff that it was dangerous to put his hands between revolving cog-wheels.

*Alfred A. Hall* for the defendant.

With the law as established in this state and the admissions of the plaintiff clearly showing that he was absolutely failing to exercise ordinary care and prudence and that the accident occurred solely through his own negligence, the motion for a verdict should have been sustained.

The plaintiff admits that he did not know what he was doing with his left hand.   Had he exercised ordinary care with this hand, the accident would not have happened.   He knew of the revolving wheels.   He knew that contact with them would be dangerous.   He was not in need of instruction. "We think it preposterous to say it was the duty of the employer to warn him not to put his fingers in between the cogs." Earl J. in *Buckley* v. *G. P. & R. M. Co.,* 113 N. Y. 544.   See also *Tinkham* v. *Sawyer,* 153 Mass. 485; *Ford* v. *Mt. Tom S. P. Co.,* 172 Mass. 544.

The danger being apparent, the plaintiff assumed the risk. *Latremouille* v. *Railroad Co.,* 63 Vt. 347; *Pratt* v. *Prouty,* 153 Mass. 333; *Downey* v. *Sawyer,* 157 Mass. 420; *DeSouza* v. *Strafford Mills,* 155 Mass. 476; *Goodnow* v. *Walpole Emery Mills,* 146 Mass. 267.

A master is only bound to give instructions of those dangers which it requires "peculiar skill and knowledge to avoid." *Reynolds* v. *Railroad Co.,* 64 Vt. 66.

The only negligence alleged in the declaration is the failure to box the wheels. None other was admissible. 1 Chitty on Pl. 383, 384.

It was error to permit plaintiff to testify that no one told him there was danger, and that he did not know there was danger in oiling the pumps. These questions were leading and permitted him to contradict his own evidence, by which it appeared that he must have known of the danger. It was also error to permit plaintiff and reporter to testify as to *who* cross-examined him and *how long* it lasted on the former trial. There is nothing to show but what that cross-examination was fair. No claim was made that he had been misled or that he was embarrassed. The evidence showed that his contradiction at this trial was from motive rather than misunderstanding.

It was proper for the defendant to show by anyone that was familiar with the machine whether there was danger in oiling it. The plaintiff had been permitted to testify that he did not know of the danger. It was a proper question for an expert and no question was made in that respect.

Under the claim of the plaintiff that the cogs were more dangerous on account of running inwardly, we submit that we had a right to show by Mr. Shepley that that was untrue. Mr. Redmond's objection to this evidence was not seasonably withdrawn and it did not cover the questions asked and there-

9

fore does not affect the exceptions taken. We think the court erred in permitting Mr. Chappell to testify as to the speed of those pumps in May, 1899, previous to the accident, which occurred some months later. It is submitted that such a question could only be asked of a witness who knew how they were running about the time of the accident.

We insist that it was error, after Mr. Shepley had testified in regard to the "wood job," to permit the plaintiff to characterize any work as the "wood boy's job," and to allow testimony as to what had constituted the wood boy's job prior to the plaintiff's employment.

If we are right in our contention in regard to this evidence, it was error to allow the witness to be impeached by showing what he said upon the subject at the former trial. *Sterling* v. *Sterling,* 41 Vt. 80; *State* v. *Hoffman,* 46 Vt. 176; *Wing* v. *Hall,* 47 Vt. 182.

The defendant offered to show that just after the accident the plaintiff did not claim that there was any carelessness on the part of the Shepleys as meeting the testimony that had been given in reference thereto. The offer was rejected.

The claim of the plaintiff was that the defendants were negligent. It was to meet this claim that this evidence was offered. It should have been received. *Hoadley* v. *International Paper Co.,* 72 Vt. 79; *Daggett* v. *Champlain Mfg. Co.,* 72 Vt. 332; *Blaisdell* and *Barron* v. *Davis,* 72 Vt. 295.

The defendant was entitled to a strict compliance with his requests 2, 3 and 4. It was the duty of the court to clearly and concisely present the requests, showing a *positive duty* on the part of the plaintiff.

Requests 8, 16 and 17 should have been literally complied with. The court explained what would excuse the defendants, but failed to point out the plaintiff's duty, and failed to clearly point out what the plaintiff was responsible for, what

he ought to have known, as well as what he really knew.    1 Wharton on Negligence, 243.    Barrows on Negligence, 109.

Requests 10 and 11 should have been complied with. They made the matter perfectly clear, while the language of the court involved the reasoning of the necessity of instructions to the plaintiff, and without doubt was misleading.    Barrows on Neg. 109; *Goodnow* v. *Walpole Mills,* 146 Mass. 267; *Transclair* v. *Steamship Co.,* 80 Cal. 521.

In view of our claim as to the right of the plaintiff under the declaration to introduce any evidence as to negligence, except in regard to boxing the cogs, requests 12 and 13 should have been complied with.

Request 18 was not sufficiently complied with.    The error in the charge was in inserting the word "perhaps," which took all the force out of it.    It was as much a failure to comply with the request as it would have been if the court had not referred to the subject at all.

Requests 19 and 20 should have been complied with.    The danger was visible and ought to have been known and there was no need of instruction.    *Geno* v. *Paper Co.,* 68 Vt. 578.

*J. W. Redmond* for the plaintiff.

The motion for a verdict was properly overruled.    The plaintiff's negligence did not appear so clearly from the testimony that but one inference could be drawn from it.    *Germond's Adm'r* v. *Railroad Co.,* 65 Vt. 133; *Weeks* v. *Barron,* 38 Vt. 423; *Hill* v. *New Haven,* 37 Vt. 501.

It was the duty of the employer to instruct the plaintiff in regard to the danger attending the employment.    *Hayes* v. *Colchester Mills,* 69 Vt. 6; *Reynolds* v. *Railroad Co.,* 64 Vt. 66; *Dumas* v. *Stone,* 65 Vt. 442.

The plaintiff was ignorant of machinery, had never worked in a mill and knew nothing of the safer way in which to oil the pumps.    The plaintiff was called away from his ordinary

duties and directed to perform a service outside of his employ-
ment, and while so engaged did not assume the risks incident
to the work.   *Jones* v. *Cotton Mills,* 3 Am. St. Rep. 72; *Rail-
road Co.* v. *Fort,* 17 Wall. 553; *Railroad Co.* v. *Adams,* 105
Ind. 151; *O'Connor* v. *Adams,* 120 Mass. 427; *Stevens* v. *Rail-
road Co.,* 9 Am. St. Rep. 336; *Darling* v. *Allen,* 41 Am. Rep.
298; *Grizzle* v. *Frost,* 3 F. & F. 622; *Russell* v. *Dillworth Co.,*
19 Atl. 345; Case of *Coombs* v. *Cordage Co.,* 102 Mass. 595 is
much in point.    Therein the court says:—"But the cogs were
in sight, and the danger of getting the fingers into them mani-
fest, and it is argued on behalf of the defendants, 1, that those
facts show that the plaintiff did not use due care; 2, that they
were under no legal obligation to fence or enclose the danger-
ous machinery, or to protect the plaintiff against a peril which,
being visible and permanent, came within the risks he assumed
by entering the employment.    Whether it was possible for the
plaintiff to have met with the accident from inadvertence or
want of acquaintance with the danger of his position, without
being chargeable with a want of reasonable care, we think is a
question to be submitted to the jury.    The facts that he saw
or might have seen the machinery in motion and might have
known that it was dangerous to expose himself to be caught
in it, are considerations which should be regarded on one side.
On the other, some allowance should be made for his youth, his
inexperience in the business and for the reliance which he
might have placed upon the direction of his employers.    It has
been held in other cases that previous knowledge of a danger
is not conclusive evidence of negligence in failing to avoid it.
*Reed* v. *Northfield,* 13 Pick. 94; *Whittaker* v. *West Boylston,*
97 Mass. 273."

    The evidence on every question upon which this court is
asked to make any holding as a matter of law, is conflicting.
It is submitted that the failure to box the machinery is not the

only negligence alleged in this declaration. The want of instruction as to the danger is set up as a ground of recovery.

As bearing upon the weight to be given to the plaintiff's alleged contradictory statements, evidence of the length of time the plaintiff was under cross-examination in the former trial was admissible. The circumstances and surroundings of one at the time he made the alleged contradictory statements should have a bearing with those who would estimate the weight of any alleged contradiction in his story.

The objection to the testimony offered from the defendant Shepley in regard to the absence of danger in oiling the pumps, was seasonably withdrawn and thereby error, if any, was cured. The other evidence from this same defendant, which was not excluded, was not accompanied by an offer and therefore error does not appear. *Knapp* v. *Wing,* 72 Vt. 340.

The only request which was not complied with and hereinbefore referred to, is the 15 : "that the declaration does not allege danger by reason of cogs revolving inwardly, and the jury should not consider any evidence in the case upon that subject." This request is not sound law. To be sure, neither the declaration nor the evidence of the plaintiff, nor his claims in the trial alleged any negligence in this respect, but the fact which the evidence tended to show: that the machine would be just as efficient, if the wheels turned the other way, and that in that event there would be no danger, were circumstances to be weighed by the jury in determining whether this inexperienced boy should have known of this danger; whether, in other words, he assumed the risk. If the danger, or safety of the machinery depended upon which direction the wheels were revolving, it might well be claimed that this danger was not so obvious that an inexperienced boy ought to be held to have known it.

START, J.   The action is case for the recovery of damages alleged to have been caused by the defendants' negligence.   At the close of the evidence, the defendants moved for a verdict, for that the plaintiff's negligence contributed to the injury, and because no negligence on the part of the defendants was shown.   The motion was denied, and the defend-- ants excepted.   The plaintiff, when eighteen years of age, was employed by the defendants to work in their pulp mill.   After working two nights, he received the injury complained of, by having his hand caught between two revolving cog-wheels while attempting to oil a pump.

From the evidence, it is considered that the plaintiff knew that there were revolving wheels attached to the pumps, and that contact with them would be dangerous.   It is also considered that the evidence tended to show he did not know how to .oil the pumps without exposure to this danger; that this want of knowledge was not due to his failure to exercise ordinary care; that there was a reasonably safe way, known to the defendants, by which this work could be done without exposure to the particular danger to which the plaintiff was sub-- jected; and that he did not know of this way, and, in this particular, was in need of instruction.   The plaintiff had worked in the mill only two nights when he received the injury complained of.   His evidence tended to show that, under his employment, it was his duty to oil the pumps; and that the reason he did not go on the other side of the pump, instead of reaching over the wheels as he did, was because he did not consider there was a good chance to get around there, with all of the wheels turning.   In view of the noise and confusion attending the operation of machinery, the fact that the plaintiff had never attempted to do this kind of work before, and all of the circumstances, conditions and surroundings disclosed by the evidence, we cannot say, as a matter of law, that

a prudent person, in like circumstances, would not have so considered, and not have attemped to oil the pump by reaching over as the plaintiff did.

This brings us to the consideration of the question of whether the plaintiff, while reaching over to oil the pumps, omitted to take any precautions for his safety that a prudent person, in like circumstances, would have taken. The plaintiff's evidence tended to show that he had never seen pumps of this kind before; that both pumps were working; that they were very near together; that he was suddenly ordered by the foreman to oil them; and that, in doing so, he was required to work about rapidly moving machinery. From this evidence, and the description of the machinery about the pumps and their location, the jury might fairly find that there was danger in reaching over the revolving wheels, that a prudent man, acting without previous experience or instruction, would not have fully comprehended and guarded against. We cannot say, as a matter of law, that the plaintiff did not encounter such danger, nor that he did or omitted to do anything that a prudent person, in like circumstances, would have done or omitted. We cannot say that a prudent person, in like circumstances, would not have reached out his hand, with a view of resting it upon the capping on the opposite side of the pump, in order to make his position more secure, and, in doing so, encountered a danger that had not been foreseen and comprehended by him. In 7 Am. & Eng. Enc. Law (2d Ed.), 378, numerous cases are cited in support of the rule, that there has been no want of ordinary care when, under all the circumstances and surroundings of the case, the person injured, or those whose negligence is imputable to him, did or omitted nothing which an ordinarily careful and prudent person, similarly situated, would not have done or omitted; and, conversely, that there has been a want of ordinary care when, under all

the circumstances and surroundings of the case, something has been done or omitted that an ordinarily careful and prudent person, so situated, would not have done or omitted to do.

The fact that the plaintiff knew that there were revolving wheels attached to the pump, and that contact with them would be dangerous, is not, as a matter of law, controlling. The fact that danger is knowingly incurred in the performance of necessary work is not always decisive upon the question of contributory negligence. While an employee is held to assume the ordinary risks incident to his employment, and known dangers, if he is forced into a place of danger by the command of a superior and encounters a danger, known to the master and unknown to him, which he could not reasonably have foreseen as one of the hazards of the place, and an injury results to him by the negligence of the master, he is not, as a matter of law, disentitled to recover. In such an instance, the injury results, not from a known danger, the risk of which was assumed, but from an extraneous cause; and when the evidence tends to show that the injury was received under such circumstances, the issue of contributory negligence is for the jury. *Dumas* v. *Stone,* 65 Vt. 442, 25 Atl. 1097; *Reynolds* v. *Boston & Maine R. R. Co.,* 64 Vt. 66, 24 Atl. 134, 33 Am. St. Rep. 908; 7 Am. & Eng. Enc. Law (2d Ed.), 396, 397, 423; *Gray & Bell* v. *Scott,* 66 Penn. St. 345, 5 Am. Rep. 371. In *Cook* v. *St. Paul R. R. Co.,* 34 Minn. 45, 24 N. W. 311, it is held, that, while the servant assumes the ordinary risks of his employment and, as a general rule, such extraordinary risks as he may knowingly and voluntarily see fit to encounter, he does not stand upon the same footing as the master as respects the matter of care in inspecting and investigating the risk to which he may be exposed. He has the right to presume that the master will do his duty in that respect, so that, when directed by proper authority to perform certain ser-

vices, or to perform them in a certain place, he will ordinarily be justified in obeying orders without being chargeable with contributory negligence, or the assumption of the risk of so doing; but he must not rashly and deliberately expose himself to unnecessary and unreasonable risks, which he knew and appreciated. In 7 Am. & Eng. Enc. Law (2d Ed.), 392, many cases are cited in support of the rule, that even though the person injured knew of the danger or had reason to apprehend it, yet it does not necessarily follow that he has been guilty of contributory negligence. Notwithstanding his knowledge of or reason to apprehend danger, he may have been in the exercise of ordinary care to avoid injury; and in such event, his injury may be solely due to the negligence of another. Thus one may voluntarily and unnecessarily expose himself or his property to a known danger without being guilty of contributory negligence, as a matter of law; and while, in so doing, he is held to assume all risks of injury which a careful and prudent person would apprehend as likely to flow from his conduct, yet, if injured by the negligence of another, without any negligence upon his own part proximately contributing to the injury, he may recover.

The statement of the plaintiff immediately after the accident, that he was careless and he alone to blame, was not conclusive proof of contributory negligence, but was open to neutralization by showing that, on reflection and consideration, he had come to think otherwise. This is the holding in *Stowe v. Bishop,* 58 Vt. 498, 3 Atl. 494, 56 Am. Rep. 569. The testimony tending to show that the plaintiff on the former trial testified that he did not know what he was doing with his left hand when he was oiling the machinery with his right, was not controlling, as a matter of law, upon this question. If the testimony given by the plaintiff on this trial, without the testimony tending to show different statements on the former trial,

presented a case proper for the consideration of the jury, the question was for the jury with this testimony. The source from which the evidence came, and its nature, did not change the question of fact to one of law. The evidence tending to show what the plaintiff stated on the former trial was impeaching evidence; also evidence tending to show how the accident occurred, and upon the question of contributory negligence,— but was not controlling. It was for the jury, from all the evidence before them, to say how far the plaintiff was impeached by this evidence, and how the accident occurred. *Herrick* v. *Mc-Cawley,* 72 Vt. 240, 47 Atl. 784.

It is also considered that the plaintiff's evidence tended to show negligence on the part of the defendants in not giving him needed instruction as to the manner of oiling the pumps and its attending danger. The evidence tends to show, that the plaintiff was eighteen years of age; that the defendants had known him since he was six years of age; that, at the time he was employed, the defendants asked him if he had ever worked in a mill, and he told them he had worked around a saw-mill; that the plaintiff was ignorant of machinery; that he had never before seen pumps of the kind used in the defendants' mill; that the wheels were revolving so rapidly that he could not see the cogs on them, and did not know they were there; that he had worked in the mill only two nights; that there were dangers connected with the oiling of the pumps that an inexperienced workman might fail to perceive; that this was or ought to have been known to the defendants; and that he was suddenly called upon to perform this service, without any instruction as to the manner of doing it, or caution respecting its danger. The defendants' evidence tended to show that there was a way to oil the pumps that was reasonably safe. This was known to the defendants, and, as the plaintiff claims, unknown to him. In view of the facts that the evidence tends

to show, and the character of the machinery and its location
as shown by the evidence, it cannot be said, as a matter of law,
that the plaintiff did not need caution and instruction; nor can
it be held that the defendants did not know they were neces-
sary.    It was for the jury to say whether, under all the circum-
stances,    the    plaintiff    needed    instruction and caution, and
whether the defendants omitted to give them; and, if so,
whether such omission was negligence.    The fact that the
plaintiff knew of the presence of the wheels, and, in a general
way, of their movement, and the effect they would have upon
him if caught in them, raises no inference of law that he so
understood and comprehended the danger connected with the
particular service he was suddenly called upon to perform, that
caution and instruction would have been of no benefit to him.
*Reynolds* v. *Boston & Maine R. R. Co.,* 64 Vt. 66, 24 Atl. 134,
33 Am. St. Rep. 908; *Hayes* v. *Colchester Mills,* 69 Vt. 1, 37
Atl. 269, 60 Am. St. Rep. 915.    It is, therefore, held that the
questions of negligence and of contributory negligence were
for the consideration of the jury, and that the defendants'
motion for a verdict was rightfully denied.

      The defendants objected to any testimony tending to show
negligence on their part, except the failure to box the ma-
chinery, on the ground that no other negligence is alleged in
the declaration. Without considering in this connection whether
the declaration is so framed as to permit a recovery on the
ground of a failure to give needed instruction, we hold that it
was competent to show the plaintiff's inexperience, his need of
instruction, that none was given, and the circumstances and
conditions under which the accident happened, although these
were not set forth in the declaration.    *Clark* v. *Employers'
Liability Assurance Co.,* 72 Vt. 458, 48 Atl. 639. The plaintiff
was allowed to testify, subject to the defendants' exception,
that no one told him that there was danger in oiling the pumps,

and that he did not know that there was danger in so doing. Upon the issue of contributory negligence and the defendants' duty to instruct the plaintiff, it was competent for the plaintiff to show that he did not know of the danger to which he was exposed. This evidence tended to show that fact and was admissible.

The defendants introduced testimony tending to show, that, on the former trial of this case, the plaintiff gave testimony that was materially different from that given on this trial; and, in this connection, the plaintiff was allowed to show, subject to the defendants' exception, how long he was under cross-examination, and how many pages of testimony he gave. The defendants' testimony tended to impeach the plaintiff, and, as bearing upon the force and weight to be given to the claimed contradictory statements, it was competent for the plaintiff to show the circumstances and conditions under which they were made. It was permissible for him to show that he was excited, embarrassed, or under a pressure that would naturally affect his understanding and recollection; and, for this purpose, the evidence was admissible.

The plaintiff, before he rested his case, improved J. S. Shepley, one of the defendants; and, while he was being cross-examined, the defendants' counsel offered to show by him that a person exercising ordinary care would be in no danger in oiling the pumps. This offer was objected to and excluded, to which the defendants excepted. At the conclusion of the testimony of the witness who followed Mr. Shepley, and while Mr. Shepley was in court, the plaintiff withdrew the objection. If it was error to exclude the offer at the time it was made—which we do not decide—the error was rendered harmless by the seasonable withdrawal of the objection. The witness was one of the defendants. The objection was withdrawn before the plaintiff had rested his case, and it does not appear that the

defendants were in any way prejudiced by not being allowed to take the answer at the precise time the question was asked. The other question propounded to Mr. Shepley was not accompanied with an offer to show any fact by him; nor does it appear what his answer would have been. Therefore, error does not appear. The witness was one of the defendants, and the examiner was his counsel. Therefore, the examiner was supposed to know what the witness would testify to and should have made an offer, stating the testimony the witness would give if permitted to answer the question. *State* v. *Noakes,* 70 Vt. 247, 40 Atl. 249.

Mr. Chappel, a witness improved by the plaintiff in the opening of his case, after testifying that he worked for the defendants for a year ending May, 1889, that the pumps and grinders were operated in the same way as at the time of the accident, that he had worked in a pulp mill before and since, that he had run grinders and been foreman, and that the power for the pumps came from the grinder shaft, was allowed to testify, subject to the defendants' exception, that the speed of the pumps would vary, and to give the reason therefor. The only objection now made by counsel to the admissibility of this evidence, is that these facts should be proved by a witness who knew how the pumps were running about the time of the accident. We think the testimony tended to show that the witness had such knowledge, and that the testimony that was taken subject to this objection was properly received.

While cross-examining one of the defendants, the plaintiff's counsel asked the following question: "As a part of the wood boy job, was it not the duty of the wood boy's job, and had it not been all the time before, to oil the pumps?" To this question, a general objection was made. The objection was overruled, and the defendants excepted. The question was not answered. Therefore, error does not appear. The defend-

ants now insist that it was error to permit counsel to charac-
terize any work as "wood boy's job." The question not hav-
ing been answered, the objection now urged is regarded as an
objection to language used by counsel in the presence of the
jury, and one that should have been brought to the attention
of the trial court. It not having been done, the objection, now
urged for the first time, will not be entertained by this court.
*State* v. *Preston,* 48 Vt. 12; *Miles* v. *Albany,* 59 Vt. 79, 7 Atl.
601.

Charles Brown, a witness improved by the defendants,
after having testified that he was foreman in the defendants'
mill before and at the time the plaintiff worked there, was
asked on cross-examination the following question: "While
you were foreman in that mill, did the wood boy, to your
knowledge, as a part of his duties from day to day, attend to
the oiling of the pumps?" The defendants objected to this
question, the objection was overruled, and the defendants ex-
cepted. The plaintiff claimed and testified that, when the de-
fendants employed him, they told him that he would have to
oil the pumps; and that he was ordered to do so. Also, his tes-
timony tended to show that, under his employment, it was his
duty to wheel wood to the grinders. The defendants' testi-
mony tended to show that the plaintiff was not employed to oil
the pumps, and that he was never told to do so. Upon the is-
sues thus presented, the fact, if proved, that the boy who
wheeled the wood while Mr. Brown was foreman had from day
to day attended to oiling the pumps, as a part of his duties,
would render the plaintiff's claim more probable; and, for this
purpose, the testimony was admissible. *Armstrong* v. *Noble,*
55 Vt. 507.

The defendants improved one Rice and showed by him
what occurred shortly after the plaintiff was hurt. After tes-
tifying that the plaintiff did not state on whose part the care-

lessness was, he was asked the following question: "Did he say anything to indicate that it was the carelessness of Mr. Shepley and son?" This question was excluded, and the defendants excepted. In excluding the question, the court told the defendants' counsel that he might show all that the plaintiff said. In view of this ruling and the fact that the witness had testified that the plaintiff did not state who was careless, it is clear that the defendants were not prejudiced by the ruling.

The defendants, by their second request, asked for an instruction that if, by the exercise of ordinary care and prudence upon the part of the plaintiff, he would not have been injured, he cannot recover. The court instructed the jury, that, if the plaintiff's want of ordinary care or his negligence contributed in any material degree to the happening of the accident, he is not entitled to recover, even though the defendants were negligent. This was in accordance with the rule as it has sometimes been stated by this court. In *Magoon* v. *Boston & Maine R. R. Co.,* 67 Vt. 184, 31 Atl. 156, and in *Hill* v. *New Haven,* 37 Vt. 507, 88 Am. Dec. 613, it is said that, if the negligence or carelessness of the person injured contributes in any material degree to the production of the injury complained of, he cannot recover; but in *Reynolds* v. *Boston & Maine R. R. Co.,* 64 Vt. 66, 24 Atl. 134, 33 Am. St. Rep. 908, the holding is that, if the negligence of the plaintiff contributes in the *least* degree to the accident, there can be no recovery. We think this is the correct rule, and that the instruction should have conformed to it. The use of the word "material" left the jury at liberty to consider the degree of the plaintiff's negligence, which is not considered permissible in jurisdictions where the doctrine of contributory negligence prevails. To allow jurors to consider so-called degrees of negligence would, in effect, nullify this doctrine. 7 Am. & Eng. Enc. Law (2d Ed), 379.

The defendants, by their third and fourth requests, asked for an instruction, that it was the duty of the plaintiff to exercise ordinary care and prudence in regard to his left hand, and, if he did not do so, he cannot recover; and, if the plaintiff involuntarily put his left hand between the cogs, when, by the exercise of ordinary care and prudence, he could have kept it out, he cannot recover. The court instructed the jury that the law required the plaintiff to use ordinary care; a care that was proportionate to the danger that he knew and understood in the work he was attempting to do; to have proper care of his person, and all the limbs of his body,—his hands and his feet, and his whole person,—that is, to use reasonable care in the circumstances. This instruction defined the duty of the plaintiff that was called to the attention of the court by the requests, and the omission to repeat that duty with reference to a particular part of the plaintiff's person was not error; but the jury should have been told the effect of an omission of duty on the part of the plaintiff. The court undertook to do this by a general instruction, which would have been sufficient but for the error shown in the last point considered. In the absence of such instruction, there was not a sufficient compliance with the requests; and, in this respect, there was a failure to comply with the eighth, tenth, eleventh and sixteenth requests.

The eighth, sixteenth and seventeenth requests called for an instruction, that, if the danger was apparent, and ought to have been seen and understood by the plaintiff, he cannot recover; that, if the jury find that the plaintiff was injured by an ordinary incident of his service, of which he was aware or ought to have been aware, he cannot recover; and that the plaintiff assumed the risk, not only of the danger of which he had knowledge, but also that of which he reasonably ought to have known. The court instructed the jury, that, if they found that the defendants were short of their legal duty to the

plaintiff in not informing him about the danger, and if they should also find that the plaintiff was not wanting in ordinary care, then the plaintiff is entitled to recover, and not otherwise. By this instruction, the right of recovery, in so far as it depended upon the defendants' negligence, was made to depend upon whether they were negligent in not informing the plaintiff of the danger to which he was exposed. In addition to the instructions hereinbefore mentioned, the court told the jury that where an employee enters into an employment, the dangers of which are visible and apparent to him, or when in the exercise of ordinary care, he would see and understand the danger, there is no occasion for the employer to explain the danger; that when a manufacturer hires a man, young or old, to go into his factory to work, and sets him to work at a particular wheel or machine, if the danger of working at the machine is apparent, so that the employee sees it and understands it, there is no need of its being explained to him; and that there is no need of telling him of the danger that he can see and understand, that he does see and understand, or that in the use of his faculties, he could understand. The jury were further told that when the plaintiff entered the employment of the defendants, he undertook the usual and ordinary risks of the employment. These and other instructions shown by the record were all that the case called for upon the subject of the requests, and were a sufficient compliance with them, except as to the eighth and sixteenth in the respects shown hereinbefore. The nineteenth and twentieth requests were sufficiently complied with, in so far as the case called for instruction upon the subjects mentioned therein, by the general instruction herein referred to.

The court having limited the right of recovery, in so far as it depended upon the defendants' want of ordinary care, to

the question of whether they were wanting in such care in not instructing the plaintiff in regard to the danger attending the oiling of the pumps, the instruction asked for by the twelfth, thirteenth and fifteenth requests was unnecessary; and it was not error to omit to comply with them.

The eighteenth request called for an instruction that, if the jury find that the witness Grow gave the plaintiff the instructions he testified to, no other instructions were necessary under any circumstances developed in the case. Upon the subject of this request, the court instructed the jury, that, if the plaintiff was informed by Grow or any one else, just before he undertook to oil the pumps, what the danger was, and shown how to do it, then he was informed and no further instruction, perhaps, would be required. To the refusal of the court to charge as requested, and to the charge as given upon this subject, the defendants excepted. The use of the word "perhaps" was error. The defendants' testimony tended to show that Grow instructed the plaintiff how to oil the pumps with reasonable safety. If the plaintiff was informed of the danger, and how to avoid it, the defendants had performed their full duty, had done all that was required of them, and were not liable for failure to give warning and instruction; and the court, in instructing the jury upon this subject, instead of leaving the matter in doubt, should have told them that, if they found that the plaintiff was informed of the danger, and shown how to avoid it, no further instruction would be required. The instruction was upon a vital issue,—one that controlled the right of action, in so far as it depended upon a shortage of duty on the part of the defendants, and, under it, the jury might find the defendants liable for a failure to exercise a higher degree of care than the law requires. They were at liberty to do so.

*Judgment reversed and cause remanded.*