### TERRANCE McKANE *v.* MARR & GORDON.

January Term, 1904.

Present: ROWELL, C. J., TYLER, MUNSON, START, and WATSON, JJ.

Opinion filed August 22, 1904.

*Master and Servant—Dangerous Employment—Assumed Risk—Assurance of Foreman.*

In an action for injuries received by the plaintiff from the explosion of powder in a drill hole which had been fired without lifting the rock, and from which, as the servant of the defendants, and by direction of their foreman, he was removing the tamping, when the evidence tends to show that the plaintiff was an experienced quarryman, and that, when tamping is not blown out, it is impossible for anyone to say with certainty that the charge is exploded, and that the methods used in drawing tamping are adopted in recognition of this uncertainty; this evidence tends to show the existence of a known risk, ordinarily incident to the work, and which the plaintiff assumed in undertaking it, and entitles the defendants to a charge on the doctrine of assumed risks, without regard to whether, as a prudent man, plaintiff had reason to believe that powder was there, and though the foreman had assured him that the charge had exploded.

CASE for personal injuries. Plea, the general issue. Trial by jury at the March Term, 1903, Washington County, *Stafford, J.,* presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Senter & Senter* and *W. A. Lord* for the defendant.

The master is not liable for an injury sustained by his servant in the course of his employment, when the danger is of such a character that it must be as apparent to the servant as to the master, or when it is such that it could not be ascertained by either in the exercise of reasonable care and prudence. 1 Bailey Personal Injury, § 785.

The charge ought not only to be correct, but to be so adapted to the case, and so explicit, as not to be misconstrued or misunderstood by the jury. Profatt Jury Trials § 313.

Nothing is said in the charge regarding the ordinary, obvious risks of the dangerous business in which plaintiff was employed. Beach Contrib. Neg. 370.

*M. M. Gordon* and *Richard Hoar* for the plaintiff.

Accident did not result from a risk which plaintiff assumed. He hired out as a plug driller, and he assumed only such risks as are incident to that line of work. The handling of powder was not one of these. A servant does not assume the risk of hidden defects. Bushwell Personal Injuries (2 Ed.) § 206.

The plaintiff was not employed for this service, and the defendants violated their duty in putting him at this perilous service without warning, especially after the foreman had assured him that the powder had exploded. *Lefrans* v. *N. Y. etc., Co.*, 130 N. Y. 658; *Dumas* v. *Stone*, 65 Vt. 442; *Malcolm* v. *Fuller*, 152 Mass. 167.

MUNSON, J. The plaintiff received his injuries while working for the defendants in their granite quarry, under the general direction of the foreman of the quarry, one O'Hearn. He was sent by O'Hearn to remove the tamping from some drill-holes which had been fired the night before without lifting the rock; and his evidence tended to show that O'Hearn assured him that the charges had exploded, and gave his reasons for saying so. There was powder in one of the holes, which exploded while the plaintiff was at work on the tamping.

The court charged the jury, in substance, that the plaintiff was entitled to recover if O'Hearn told him that the

powder had exploded, and he believed and relied upon the statement, and as a careful and prudent man had no reason to believe otherwise. The defendants excepted to the failure of the court to instruct the jury upon the subject of assumed risks.

The plaintiff assumed more than the duty of taking ordinary care for his safety. He assumed the risk of known and obvious dangers ordinarily incident to his employment, including the risk of dangers that could not be detected nor avoided by ordinary care. He could not relieve himself from this burden by relying on the assurances of the foreman in a matter regarding which he knew or ought to have known that the foreman had no superior knowledge. If the evidence afforded a basis for the claim that the plaintiff knew or ought to have known that O'Hearn had no superior knowledge regarding the situation, and that an unexploded charge might be under the tamping whatever the indications to the contrary, the defendants were entitled to a charge upon this subject.

There was evidence tending to show that the plaintiff was an experienced quarryman, accustomed to all kinds of quarry work; that when a blast is unsuccessful many conditions and indications are to be considered in determining whether the explosion covered all the charges; that when the tamping of a hole is not blown out it is impossible for anyone to say with certainty that the charge has exploded; and that the methods used in drawing the tamping are adopted in recognition of this uncertainty. This was evidence tending to show the existence of a known risk, ordinarily incident to the work, which the plaintiff assumed in undertaking it; and entitled the defendants to a charge upon the doctrine of assumed risks. As regards this doctrine, the question

was not whether the plaintiff as a prudent man had reason to believe that the powder was there, but whether the conditions were such that the risk involved in the chance of its being there rested upon him.

*Judgment reversed, and cause remanded.*