.TERRANCE McKANE v. MARR & GORDON.

January Term, 1906.

Present: ROWELL, C. J., TYLER, WATSON, POWERS, and MILES, JJ.

Opinion filed May 11, 1906.

*Master and Servant—Injuries to Servant—Master's Knowl-
edge—Vice Principal — Evidence — Sufficiency — Con-
tributory Negligence—Question for Jury.*

In an action by a quarryman for injuries caused by the explosion of
powder in a drillhole that had been fired without affecting the
tamping, and which plaintiff was drilling out under the direction
of his foreman and on his assurance that the powder had ex-
ploded, evidence that it was the duty of the powder-man to load
and fire the holes and to determine by the sound and by the con-
dition of the tamping whether they had exploded,—a matter lying
between him and the foreman; that the man who loads a hole can
determine better than anyone else whether it has exploded; that
a quarryman has nothing to do with such duties; that the powder-
man loaded and fired the hole in question; and was present when
plaintiff was sent to clean out the hole, was admissible to show
that the foreman had, or could have had, superior knowledge as to
the condition of the hole, notwithstanding that the declaration does
not charge negligence in respect of the powder-man.

It being conceded that the foreman was vice-principal, it was his duty
to make careful inspection and investigation, including inquiry
regarding the hole and the tamping therein, to ascertain whether
the powder had been exploded, before directing plaintiff to clean it
out; and defendants are chargeable with whatever knowledge the
foreman had or ought to have had, concerning the situation.

Plaintiff had a right to presume that the foreman had performed his
duty in ascertaining, or attempting to ascertain, whether the pow-
der had exploded, and to rely on his assurance that it had.

In an action by a quarryman for injuries received while cleaning out
a powder hole supposed to have been exploded, evidence examined,
and *held* insufficient to show that the use of a hammer constituted
contributory negligence as matter of law.

In an action by a quarryman for injuries received while cleaning out a powder hole supposed to have been exploded, evidence examined, and *held* insufficient to show assumption of risk as matter of law.

CASE for negligence. Plea, the general issue. Trial by jury at the March Term, 1905, Washington County, *Munson,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion fully states the case. This case has been once before in the Supreme Court; see 77 Vt. 7.

*Senter & Senter,* and *W. A. Lord* for the defendants.

The admission of evidence relating to the powder-man was error, because the declaration does not charge defendants with any shortage of duty in that respect; and plaintiff can recover only *secundum allegata et probata,* and can legally prove no material fact which the declaration does not allege. *Thomas* v. *Railroad,* 58 S. W. 910; *Union Pac. R. R. Co.* v. *Buck,* 44 Pac. 304; *San Antonio R. R. Co.* v. *Flate,* 35 S. W. 859; *Harper* v. *Indianapolis R. R. Co.,* 44 Mo. 488; *Buffington* v. *Railroad,* 64 Mo. 246; *Waldheir* v. *R. R. Co.,* 71 Mo. 517; *Price* v. *Railroad,* 72 Mo. 414; *Long* v. *Doxey,* 60 Ind. 385; *Thomas* v. *Railroad,* 40 Ga. 231; *Missouri Pac. R. R.* v. *Hennesey,* 75 Tex. 155; *Chicago R. R. Co.* v. *Young,* 26 Ill. App. 115; *Batterson* v. *R. R. Co.,* 49 Mich. 185; *Eden* v. *R. R. Co.,* 72 Mo. 212; *Straight* v. *Odell,* 13 Ill. App. 232.

*M. M. Gordon* and *Richard A. Hoar* for the plaintiff.

A declaration which charges negligence in general terms is sufficient; and under such a declaration any circumstances tending to show negligence which contributed to the injury may be proved. 28 N. E. Rep. 1113; 28 Am. St. Rep. 203; *International & G. N. R. Co.* v. *Dyer,* 76 Tex. 156; *Fisher*

v. *Gollday,* 38 Mo. App. 531; *Cunningham* v. *Union Pac. Ry. Co.,* 7 Pac. 795; *Omaha & Valley R. Co.* v. *Wright,* 49 Neb. 456; *Town of Rushville* v. *Adams,* 107 Ind. 475; *Mississinewa Min. Co.* v. *Paton,* 28 Am. St. Rep. 203; *Clark* v. *Chicago &c. R. R. Co.,* 15 Fed. Rep. 588; *Jones* v. *White,* 90 Ind. 255; *Lucas* v. *Wattles,* 49 Mich. 380; *State* v. *Manchester & Lawrence R. R. Co.,* 52 N. H. 528. Black's Law and Practice Accident Cases § 222; *Manley* v. *Delaware &c. Canal Co.,* 68 Vt. 101.

Plaintiff had a right to assume that defendants exercised ordinary care in providing a safe place to work, and he had a right to rely on the assurance that the powder had exploded. Thompson Neg. § 3765; *Himrod Coal Co.* v. *Clark,* 99 Ill. App. 332; *Zanza* v. *Le Grand Quarry Co.,* 115 Ia. 299; *Alton Lime &c. Co.* v. *Calvey,* 47 Ill. App. 343; *Shannon* v. *Consolidated Tiger &c. Min. Co.,* 24 Wash. 119.

"Where the evidence is conflicting upon a particular issue it should be submitted to the jury; and the court cannot, as matter of law, hold a party guilty of contributory negligence where there is a conflict of testimony upon the material issue in dispute."

*Latremouille* v. *Bennington R. R. Co.,* 63 Vt. 344; *St. Johnsbury* v. *Thompson,* 59 Vt. 300; *Vinton* v. *Schwab,* 32 Vt. 612; *Burrows* v. *Stebbins & Kennedy,* 26 Vt. 659; *Stephenson* v. *Clark,* 20 Vt. 624; *Hall* v. *Parsons,* 17 Vt. 271; *Wilson* v. *Hooper,* 12 Vt. 653; *Rothchild* v. *Rowe,* 44 Vt. 389. "The mere fact that a servant works in a place which he thinks to be unsafe does not, as a matter of law, constitute contributory negligence if he was assured by the master that there was no danger, and commanded to go on with the work." *LaFlam* v. *Missisquoi Pulp Co.,* 74 Vt. 125-136; *Burgess* v. *Davis Sulphur Ore Co.,* 165 Mass. 69; *Malcom* v. *Fuller,* 25

N. E. 83; *McKeef* v. *Tounellotte,* 44 N. E. 1071; *Cook* v. *St.
Paul &c. R. R. Co.,* 34 Minn. 45.

WATSON J.    The evidence of the plaintiff tended to show
that the defendants were engaged as partners in quarrying
granite and that the plaintiff was in their employ as a quarry-
man to work on their quarry as a plug driller, and had been
employed there for a long time prior to the accident in which
he received his injuries; that one O'Hearn had general charge
of the work on the quarry, and at the time of the accident the
plaintiff was under the general direction of O'Hearn as fore-
man.    It was conceded that O'Hearn was vice-principal.    The
plaintiff's evidence further tended to show that on the after-
noon before the accident two Lewis holes drilled in the quarry
had been loaded with black powder and an attempt made to
fire them, but as the result of such attempt an explosion took
place and a crack extended between the holes, yet the tamping
was not blown out; that on the morning of the accident O'Hearn
told the plaintiff, then engaged in plug drilling, to take a drill
and clean out the two Lewis holes, saying they were fired the
night before but did not blow out the tamping.    Whereupon
the plaintiff asked him if he were sure the holes "went off," to
which O'Hearn replied, "yes, go up and get a drill and go up
and clean out them holes"; that the plaintiff pursuant to such
orders and without objection on his part then took a drill and
went to do as directed, but before he commenced he asked other
employees on the quarry, who were his fellow servants, if the
holes had exploded the night before, and they replied that they
had; that after he had worked some time drilling out the tamp-
ing by "churning" with the drill, he called to a fellow servant
and quarryman working nearby, to give him a few blows,
which the fellow servant did, striking his hammer on the drill

held by the plaintiff; that after some blows had been struck an explosion occurred, resulting in the plaintiff's injury.

Defendants excepted to the admission of evidence relating to the powder-man and his duties, on the grounds (1) that they are not charged with the negligence of the powder-man; (2) that the powder-man was a fellow servant, and his negligence was not imputable to the defendants; and (3) that there is nothing in the declaration charging negligence on the part of defendants as far as the powder-man was concerned. Counsel for plaintiff stated that the evidence was on the question of defendants' superior knowledge.

The evidence thus admitted tended to show that one Moore was the powder-man at the time of the accident; that it was his duty to take charge of the powder and of dynamite caps, and to load and fire holes; that if any of the holes had misfired or had not blown out the tamping it was his duty to clean them out and fire them over again; that he would know just how the holes were loaded and for that reason no one else could tell so well as he whether any particular hole had misfired; that if the powder-man does not hear the report, he generally looks for the result, and if no result is to be seen, he makes up his mind that the powder did not go off; that the man who loads a hole knows how he tamps it, how much air chamber is left, whether the tamping is in loose or hard, and if it was tamped loose and in digging it out he finds the tamping hard, it is an indication that the powder went off and pressed against the tamping; that the matter of finding this out generally lies between the foreman and the powder-man; that a person who had nothing to do with charging the hole could not tell from the character of the tamping whether the hole had fired or not; that a quarryman has nothing to do with the handling of pow-

der; that the man who loaded a hole with powder and tamped it could tell after it had ignited, by examination, whether the powder in the hole had exploded or not, and that no one else could very well; that a quarryman works "plug drilling, twist drilling, glutting up stone, and helping to get them out," but has nothing to do with the handling of powder; and that Moore, the powder-man, loaded and attempted to fire the hole in question the night before, and was at work on the quarry the morning of the accident. The case shows that the plaintiff did not have anything to do with the loading or firing of the hole.

It was the duty of O'Hearn, as vice-principal, to make careful inspection and investigation including inquiry regarding the condition of the hole and the tamping therein, to ascertain as far as he could in the exercise of requisite care, whether the hole had fired, before directing the plaintiff thus to clean it out. The defendants are chargeable with whatever knowledge O'Hearn had or ought to have had concerning the situation. The powder-man who loaded the hole was then on the quarry, at O'Hearn's command and subject to his inquiry. Whether O'Hearn had or ought to have had knowledge superior to that possessed by the plaintiff was a material question upon which the evidence, to which objection was made, had a bearing. Irrespective therefore of the questions raised by the exception touching the declaration, the evidence was properly received. *LaFlam* v. *Missisquoi Pulp Co.*, 74 Vt. 125, 52 Atl. 526.

At the close of the evidence the defendants moved for a verdict on the grounds that all the evidence in the case shows (1) that the defendants were not guilty of negligence; (2) that the negligence of the plaintiff contributed to the accident; and (3) that the accident resulted from a risk which the plaintiff

took and assumed as an ordinary risk incident to his employment. To the overruling of this motion the defendants excepted. No reliance is placed upon the first ground.

It is urged that upon the uncontradicted evidence the proximate cause of the accident must have been the blow on the drill given by the fellow servant, and that this result was the immediate and natural consequence of the act of the plaintiff himself.

The defendants'. evidence tended to show that the plaintiff was employed to work on the quarry, to do anything there to be done; that he was an old and experienced quarryman and had had experience in loading and unloading holes which had been charged like the one in question; that the plaintiff knew there was no way of ascertaining from external appearances whether a hole charged had been fired or not when the tamping had not been blown out, as in this case; that the plaintiff admitted that he knew that the use of a hammer in cleaning out such holes increased the risk when any unexploded powder .remained therein; and that the defendants and their foreman did not sanction the use of a hammer in removing tamping from holes of this character, and never knowingly allowed one to be used.

The plaintiff's instructions were to clean out the holes with a drill. No particular method of using the drill was specified. After "churning," that is, striking with the drill, for some' time he called the fellow servant to give a few blows with a hammer and while being thus assisted the accident occurred. It is true that the hammer was used at the plaintiff's request, but the testimony given by O'Hearn and by some other experienced quarrymen was to the effect that the danger was not increased thereby. O'Hearn also testified to several ways by which holes are unloaded where the tamp-

ing has not blown out, one of which was to "clean them out with a drill." According to plaintiff's testimony, he was by command of the master outside of his regular employment, doing work which was attended with special danger. The plaintiff had a right to presume that O'Hearn had performed his duty in ascertaining or attempting to ascertain whether the powder had exploded, and to rely on his assurance that it had. In these circumstances it cannot be said as a matter of law that in using the hammer the plaintiff was guilty of contributory negligence. Neither can it be said as a matter of law that the accident resulted from a risk which the plaintiff assumed as an incident to his employment. When this case was here before (77 Vt. 7, 58 Atl. 721) the Court, holding that the defendants were entitled to instructions to the jury upon the question of assumed risks, said: "The plaintiff assumed more than the duty of taking ordinary care for his safety. He assumed the risk of known and obvious dangers ordinarily incident to his employment, including the risk of dangers that could not be detected nor avoided by ordinary care. He could not relieve himself from this burden by relying on the assurances of the foreman in a matter regarding which he knew or ought to have known that the foreman had no superior knowledge. If the evidence afforded a basis for the claim that the plaintiff knew or ought to have known that O'Hearn had no superior knowledge regarding the situation, and that an unexploded charge might be under the tamping whatever the indications to the contrary, the defendants were entitled to a charge upon this subject." But in the case as now presented, the plaintiff's evidence tends to show that since the plaintiff had nothing to do with charging the hole, he could not in the exercise of that degree of care required have told whether the powder had exploded or not. It further tends to show that

O'Hearn had or ought to have had superior knowledge concerning the situation and the condition of the charge, and that by the proper exercise of care on his part the danger might have been detected and avoided. In *Laflam* v. *Missisquoi Pulp Company*, it is said "that while the servant assumes the ordinary risks of his employment and, as a general rule, such extraordinary risks as he may knowingly and voluntarily see fit to encounter, he does not stand upon the same footing as the master as respects the matter of care in inspecting and investigating the risk to which he may be exposed. He has the right to presume that the master will do his duty in that respect, so that, when directed by proper authority to perform certain services, or to perform them in a certain place, he will ordinarily be justified in obeying orders without being chargeable with contributory negligence, or the assumption of risk of so doing, but he must not rashly and deliberately expose himself to unnecessary and unreasonable risks, which he knew and appreciated." And in *Dumas* v. *Stone*, 65 Vt. 442, 25 Atl. 1097, it is said that "when a servant shows that his injury was caused by a danger not usually and ordinarily incident to the business, and which ought not to have existed, and would not have existed had the master performed his duty to him, and of which he neither knew nor was negligent in not knowing, the master is liable. It is not enough for the master in such a case that the servant was apprehensive merely of possible danger, especially when, as here, the master himself, knowing the circumstances, did not believe the danger to exist."

The motion was properly overruled. No other points are discussed in defendants' brief.

*Judgment is affirmed.*